**SOUTHERN PILOTS ASSOCIATION, Lewis H. Holman, et al., Petitioners,**

**v.**

**CIVIL AERONAUTICS BOARD, Respondent.**

**Air Line Pilots Association, International, Intervenor.**

**No. 17362.**

United States Court of Appeals District of Columbia Circuit.

Argued April 30, 1963.

Decided June 13, 1963.

Petition for Rehearing by the Division Denied July 8, 1963.

Petition for Rehearing En Banc Denied Oct. 14, 1963.

Mr. Nicholas E. Allen, Washington, D. C., with whom Mr. Philip F. Herrick, Washington, D. C., was on the brief, for petitioners. Mr. John S. Yodice, Washington, D. C., also entered an appearance for petitioners.

Mr. O. D. Ozment, Associate General Counsel, Litigation and Legislation, Civil Aeronautics Board, with whom Messrs. John H. Wanner, General Counsel, and Joseph B. Goldman, Deputy General Counsel, Civil Aeronautics Board, and Lionel Kestenbaum, Attorney, Department of Justice, were on the brief, for respondent.

Mr. James L. Highsaw, Jr., Washington, D. C., for intervenor.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

WRIGHT, Circuit Judge.

This case involves a petition for review [1] of a rather unusual [2] order [3] of the Civil Aeronautics Board which finds Southern Airways, Inc. guilty of unfair labor practices under the Railway Labor Act. Review is also sought of the denial by the Board of petitioners' application to intervene in the Board proceeding and for rehearing.[4] We dismiss the petition for review as moot.

On July 30, 1959, the Air Line Pilots Association (ALPA), the certified bargaining agent for the pilot employees of Southern Airways, notified the airline that it desired certain changes in the existing collective bargaining agreement. After extended negotiations failed to bring agreement, ALPA called a strike on June 5, 1960. The airline, while continuing negotiations, commenced hiring replacement pilots and gradually resumed full operations. On July 12, 1960, the airline made two demands at the bargaining conference with ALPA: (1) the right to discipline returning strikers for misconduct during the strike without recourse to statutory grievance procedures, and (2) super-seniority for the replacement pilots.

Based on these demands, ALPA filed what was in essence an unfair labor practice charge against the airline with the Board, relying upon Section 401(k) (4) [5] of the Federal Aviation Act. Overruling the airline's challenge to its jurisdiction, the Board found that both airline demands constituted refusals to bargain in good faith, and directed the airline to commence good faith bargaining within 30 days. The Board also laid down certain "guidelines" for bargaining, stating that "the seniority and other rights and privileges of the strikers should continue unimpaired." Later, in response to a request for clarification, it stated "all strikers reinstated by [the airline] upon settlement of the strike * * * are entitled to their respective places on the seniority list, ahead of all the replacement pilots retained by [the airline]." Both ALPA and the airline filed timely petitions for review of the Board's order in the Fifth Circuit Court of Appeals and then resumed negotiations.[6] On September 21, 1962, they arrived at an agreement which, inter alia, gave the striking pilots seniority over all the re-

---

1. Pursuant to 72 Stat. 795, 49 U.S.C. § 1486.

2. This is the first case to reach the courts in which the Civil Aeronautics Board has purported to pass on labor disputes.

3. Air Line Pilots Association v. Southern Airways, Inc., Order No. E–18560, Docket No. 11654 (July 5, 1962), reported in part, 1A Av.L.Rep. ¶ 21,297, clarified Order No. E–18737 (Aug. 27, 1962), 1A Av.L.Rep. ¶ 21,313.

4. Air Line Pilots Association v. Southern Airways, Inc., Order No. E–19162, Docket No. 11654 (Jan. 3, 1963).

5. 72 Stat. 757, as amended, 49 U.S.C. § 1371(k) (4).

6. Petitioners were never parties, either before the Board or before the Fifth Circuit Court of Appeals, in this administrative proceeding.

placements. As part of the agreement, the petitions for review were withdrawn.

Upon execution of the contract, the replacement pilots, petitioners here, realizing that they had been left out in the cold, hurriedly formed their own association and commenced a barrage of challenges.[7] On October 26, 1962, they filed a petition for review of the Board order in this court,[8] and on October 29 they petitioned the Board to reopen the proceedings, permitting them to intervene. On January 3, 1963, the petition to intervene and for a rehearing was denied by the Board.

■ ■ Petitioners allege that the Board order stands in the way of their attempt, in other courts, to enjoin operation of the bargaining agreement on the ground that the union, with the concurrence of the airline, discriminated against the replacement pilots. But the proceeding now before us is solely for review of the Board's order and a decision by this court on the validity of that order would have no effect because the rights and duties of the parties are now controlled by the bargaining agreement subsequently entered into. The Board, as it pointed out in its opinion denying petitioners' application for rehearing and intervention, has no jurisdiction to pass upon designations of bargaining agents or charges of discrimination in the representation function.[9] Petitioners do not suggest otherwise.

Petition dismissed.

7. In addition to proceedings initiated in this court, petitioners, on November 2, 1962, filed suit in the Northern District of Georgia against the airline and ALPA to enjoin operation of the new contract. On November 9, 1962, the suit in the Northern District of was dismissed on the ground that it constituted an attempt collaterally to review the Board order, a function reserved to the several Courts of Appeals. Holman v. Southern Airways, Inc., N.D.Ga., 210 F. Supp. 407 (1962), appeal pending. On January 23, 1963, the Fifth Circuit Court of Appeals ordered appeal from the decree of the District Court held in abeyance pending disposition of the instant petition. Holman v. Southern Airways, Inc., Docket No. 20181 (Jan. 23, 1963).

8. ALPA intervened in this proceeding. Southern Airways is not represented in any way.

9. The Board stated: "* * * [T]he Board does not consider that it can look behind the National Mediation Board's designation of ALPA as the collective bargaining agent for [the airline's] pilots or inquire into whether the union had discriminated against petitioners in its representation functions." Air Line Pilots Association v. Southern Airways, Inc., supra, Note 4.