Wilmer KESINGER et al., Plaintiffs-Appellants,

v.

UNIVERSAL AIRLINES, INC., and Air Line Pilots Association, International, Defendants-Appellees.

No. 72–1274.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1972.

Decided Feb. 27, 1973.

Charles Fine, of Clark, Hardy, Lewis & Fine, Birmingham, Mich., for plaintiffs-appellants.

Robert Savelson, New York City, for defendants-appellees; Cohen, Weiss & Simon, New York City, Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, Detroit, Mich., on brief.

Before WEICK, EDWARDS and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This is another in the series of cases concerning the jurisdiction of the Civil Aeronautics Board (CAB) to resolve labor disputes incident to its approval of a merger between air carriers.

In 1968, the Air Line Pilots Association (ALPA) became the collective bargaining agent for the flight crew members of Universal Airlines. During negotiations for a collective bargaining agreement, a dispute arose over whether the existing seniority system should be maintained or altered to a strict date of hire basis. ALPA and Universal agreed to submit this dispute to binding arbitration. On May 28, 1969, Arbitrator Harry Platt issued his Opinion and Award (the Platt Award), essentially retaining the system then in effect. The Platt Award was adopted and made a part of the collective bargaining agreement between Universal and ALPA. This collective bargaining agreement was extended indefinitely after its expiration on July 1, 1971, and remains in effect.

In 1970, Universal sought to acquire American Flyers Corporation, including its aircraft and 33 flight crew personnel. Universal and American applied to the CAB for approval of the merger plan.

On April 13, 1971, after a public hearing, the CAB approved the merger subject to its labor protective provisions. These provisions contain two sections relevant here. Section 3 provides:

Insofar as the merger affects the seniority rights of the carriers' employees, provisions shall be made for the integration of seniority lists in a

fair and equitable manner, including, where applicable, agreement, through collective bargaining between the carriers and the representatives of the employees affected. In the event of failure to agree, the dispute may be submitted by either party for adjustment in accordance with Section 13.

Section 13 provides:

In the event that any dispute or controversy * * * arises with respect to the protection provided herein, which cannot be settled by the carrier and the employee, or his authorized representative, within thirty days after the controversy arises, it may be referred, by either party, to an arbitration committee for consideration and determination, the formation of of which committee, its duties, procedure, expenses, etc., shall be agreed upon by the carriers and the employees, or the duly authorized representatives of the employees.

Also, the CAB retained jurisdiction over the merger to make any changes or modifications that it should deem necessary.

The flight crew personnel for American Flyers were represented by a separate organization called PEN-COM. Consequently the negotiations over a new seniority list involved ALPA, PEN-COM and Universal, the surviving airline. These negotiations resulted in an integrated seniority system based strictly on date of hire. Universal implemented this plan on July 1, 1971.

On July 19, 1971, 71 members of Universal flight crews, dissatisfied with the integrated seniority list, petitioned the CAB to reopen the record of the merger proceedings and to order binding arbitration to formulate another integrated seniority list. They argued that ALPA had not fairly represented their interests and that the terms of the new list were not "fair and equitable." The CAB declined to reopen the record and refused to pass on the merits of the appellants' petition.[1]

In its ruling on the petition the CAB noted:

We are here asked to attempt to resolve these conflicting contentions and disputed issues and in essence to determine whether petitioners have been fairly represented by ALPA in the seniority negotiations. The Board has previously pointed out on numerous occasions, as have the courts, that the Board possesses no expertise in labor matters.

Accordingly, the Board has declined to intervene in similar circumstances. Similarly, we do not here consider that the public interest would be served by Board adjudication of matters which relate so substantially to questions of internal union procedures. Indeed, but for the context in which they presently arise, these questions probably would be beyond the Board's jurisdiction. In reaching this conclusion, we do not intend to in any way abridge the right of the parties to pursue such other remedies as are available to them.

On September 29, 1971, appellants filed a complaint in the United States District Court for the Eastern District of Michigan against Universal and ALPA praying for an injunction and damages. The District Court dismissed the appellants' action for lack of subject matter jurisdiction, holding that the CAB had exclusive jurisdiction to resolve the dispute.

The gist of the appellants' grievances concerns the integrated seniority list. They argue that ALPA representatives had assured the appellants that the Platt Award would not be disturbed by the integration of the American Flyers' flight crews; and that the integrated list, based on date of hire, was in derogation of those promises and of the Platt Award. They assert that the merger merely provided an excuse for ALPA to alter the seniority list, and that such a drastic change was not necessary to in-

---

1. Appellants sue on behalf of themselves and the approximately 70 other Universal flight crew members who were dissatisfied with the seniority list and who joined in the merger reopening petition.

tegrate the 33 American personnel into the 160 working member Universal staff.

ALPA formulated the new seniority list and placed it before Universal and PEN-COM during the negotiations over seniority after the merger. Despite the protests of the appellants, they were not allowed to present in these negotiations their opinions concerning seniority rights. Also Universal, without waiting for employee ratification, put the new lists into effect.

The appellants therefore claim that ALPA has breached its duty of fair representation because their actions were arbitrary, unreasonable and based on considerations unrelated to the seniority lists. Also the appellants urge that ALPA has failed to follow its Constitution, By-Laws and Administrative Policy Manual, by its failure to consult with the appellants, by failure to allow the appellants to present their position in the negotiations, and by failing to submit the new seniority list to the union membership for ratification.

On appeal ALPA argues that the complaint represents an improper collateral attack on the order of the CAB, and that the jurisdiction of the CAB is exclusive to deal with labor concerns arising out of mergers. Further they assert that the order of the CAB is res judicata.

49 U.S.C. § 1378(a) (1971) requires that all mergers between air carriers shall receive approval from the CAB. 49 U.S.C. § 1378(b) (1971) requires that the CAB must find that the merger "will not be [in]consistent with the public interest" and that the conditions and terms of the merger are "just and reasonable." Pursuant to this mandate the CAB has developed labor protective provisions, to protect the interests of employees of carriers after a merger. Under these provisions the development of a new seniority list is left primarily to private negotiations and the CAB has intervened only where the parties could not reach an agreement.

The validity of these protective provisions, including the power of the CAB to intervene directly, and its power to order binding arbitration, have been consistently upheld by the courts. American Airlines, Inc. v. CAB, 445 F.2d 891 (2nd Cir. 1971); Oling v. Air Line Pilots Ass'n., 346 F.2d 270 (7th Cir. 1965); Hyland v. United Air Lines, Inc., 254 F.Supp. 367 (N.D.Ill., 1966); See Outland v. CAB, 109 U.S.App.D.C. 90, 284 F.2d 224 (1960); Kent v. CAB, 204 F.2d 263 (2nd Cir. 1953).

The appellants rely on Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964) and Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) for the proposition that the jurisdiction of the CAB in this case is not exclusive, because the complaint states a cause of action arising under the union's duty of fair representation. Humphrey clearly establishes that the union's duty of fair representation extends to the formulation and implementation of seniority rights. "The undoubted broad authority," the Court also said, "of the union as exclusive bargaining agent in the negotiation and administration of a collective bargaining contract is accompanied by a responsibility of equal scope, the responsibility and duty of fair representation." 375 U.S. at 342, 84 S.Ct. at 368. The union must exercise its obligations "in good faith and without hostility or arbitrary discrimination." 375 U.S. at 350, 84 S.Ct. at 372. The Court further pointed out, quoting from Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953), that "[a] wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." 375 U.S. at 349, 84 S.Ct. at 372. Consequently, the mere fact that the integration of a seniority list is detrimental to one group of employees, and favorable to another, does not establish that the union has reached its duty of fair representa-

tion if it has integrated the list in good faith and not on grounds totally irrelevant to seniority. In Vaca v. Sipes, *supra*, it was held that an action for unfair representation would lie although the same facts may also constitute an unfair labor practice cognizable by the N.L.R.B. *See also* Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). The appellants have alleged that the union has engaged in conduct that breaches its duty of fair representation. ALPA asserts that even if these allegations are true, they would constitute a breach of the labor protective provisions of the merger, and consequently the appellants' remedy must lie, if at all, before the CAB. Oling v. Air Line Pilots Ass'n, *supra*. In *Oling* a group of second officers were dissatisfied with the new seniority list after the merger of United Airlines and Capital Airlines. The new list had been formulated by an arbitrator after negotiations between ALPA and the airline had reached a standstill. After the arbitrator's award the second officers petitioned the CAB, alleging that they had not been treated in a "fair and equitable manner" as required by the labor protective provisions. The CAB dismissed the petitioner's action after considering the merits of their claims. In these circumstances the Seventh Circuit held that the CAB had exclusive jurisdiction to adjudicate the contentions, even though the same allegations might have constituted unfair representation under the Railway Labor Act, 45 U.S.C. § 151 et seq. (1971). *Accord,* Hyland v. United Air Lines, Inc. 254 F.Supp. 367 (N.D.Ill.1966); Holman

v. Southern Airways, Inc., 210 F.Supp. 407 (N.D.Ga.1962). These cases also hold that the proper procedure for a party aggrieved by a CAB order is a direct appeal to a circuit court of appeals as provided by 49 U.S.C. § 1486 (1971). *Oling v. Air Line Pilots Ass'n, supra; Holman v. Southern Airways, Inc., supra.* The appellees further argue that even though the CAB in this instance declined to exercise its jurisdiction, implying that the appellants had remedies available elsewhere, citing Humphrey v. Moore, *supra,* the CAB is not the final word concerning its own jurisdiction, Pan American World Airways, Inc., v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L. Ed.2d 325 (1963), and certainly not the final word concerning the jurisdiction of United States district courts.

■ Upon the authority of Oling v. Air Line Pilots Association, *supra,* and for reasons which we believe to be consistent with the statutory scheme of the Federal Aviation Act (49 U.S.C. § 1301 et seq. (1971)), we conclude that the appellants' exclusive remedy was to appeal the CAB's denial of the relief sought to a court of appeals.[2] In view of this conclusion we do not deem apposite *Vaca* and other cases relied upon by appellants.

Although we have been unable to find significant legislative history bearing upon the question of statutory construction, we think that it is a fair conclusion from the terms of the Federal Aviation Act itself that Congress intended that the CAB should have exclusive jurisdiction, in approving air line mergers, to

---

2. Title 49 U.S.C. § 1486 (1971), provides in material part:

"(a) Any order, affirmative or negative, issued by the Board or Administrator under this chapter . . . shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed . . . by any person disclosing a substantial interest in such order.

. . . . .

"(d) Upon transmittal of the petition to the Board or Administrator, the court

shall have *exclusive jurisdiction* to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Administrator.

. . . . .

"(f) The judgment and decree of the court affirming, modifying, or setting aside any such order of the Board or Administrator shall be subject only to review by the Supreme Court of the United States . . . ." [Italics supplied.]

prescribe conditions, including labor protective provisions, and to adjudicate questions arising with respect to compliance or non-compliance with such conditions.

As pointed out in *Oling*, numerous courts have sustained the jurisdiction of the Board with respect to seniority integration in merger cases. As the *Oling* court also stated, with supporting authority, the principle is well settled that "collateral attacks upon administrative orders are not permissible." *See* Oling v. Airline Pilots Ass'n, *supra*, 346 F.2d at 277.

It is true that in *Oling* the employees' petition for relief was entertained by the Board and adjudicated adversely to them on the merits, whereas in the present case the appellants' petition was dismissed by the Board upon the pleadings without reaching the merits. We do not deem this distinction to be a significant one. Apparently the Board was of the view that it had the discretionary authority to refuse consideration of the petition on the basis of the pleadings, although from our examination of the record it would appear that the appellants at least presented a substantial question to the Board and that material issues of fact were involved. The reasons assigned by the Board in its order of dismissal to justify such a summary disposal of the claim for relief appear to us to be at least highly questionable. The Board's order indicated that it had no particular expertise in labor matters and that the petitioners had other remedies available to them. Since the Board has full authority to impose conditions for the protection of employees, it is difficult to follow the argument that it may reject an employee's petition because of a supposed lack of expertise with respect to labor questions, particularly questions which have arisen directly from the conditions formulated by the Board itself. Moreover, the statement by the Board that the employees had other remedies would appear to be a denial of the exclusivity of the Board's jurisdiction, contrary to the principles enunciated by the Seventh Circuit in *Oling* as well as by a number of district courts. *See* Hyland v. United Air Lines, *supra;* Holman v. Southern Airways, Inc., *supra;* and Master Executive Council Northeast Pilots v. O'Donnell, 69 CCH Lab.Cas. ¶ 13,200 (D.D.C. Nov. 8, 1972).

It follows from what we have said that upon the denial of the petition by the Board the appellants' exclusive remedy was to appeal the denial to a court of appeals pursuant to 49 U.S.C. § 1486 (1971). Upon such appeal the court of appeals would have had express and exclusive statutory authority either to affirm the Board's order, to modify it, or to remand the petition to the Board for further proceedings.

In accordance with the foregoing the judgment of the District Court is affirmed. The action is hereby remanded to that court, however, with directions that the dismissal shall be without prejudice to the right of the appellants to petition the Civil Aeronautics Board for a reopening of the proceeding for consideration of the appellants' claims on their merits.