**W. Peter CAREY et al., Appellants,**

v.

**J. J. O'DONNELL (President of Air Line Pilots Association), et al.**

**George S. CHAUDOIN et al., Appellants,**

v.

**AIR LINE PILOTS ASSOCIATION et al.**

**Nos. 73–1608, 73–1783.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 18, 1974.

Decided Aug. 19, 1974.

Rehearing En Banc Denied Nov. 1, 1974.

Certiorari Denied Jan. 13, 1975. See 95 S.Ct. 783.

Edwards, Circuit Judge, concurred in result in Nos. 73–1608 and 73–1783.

See also 165 U.S.App.D.C. ——, 506 F.2d 97.

J. Gordon Forester, Jr., Washington, D. C., with whom Robert S. Perkins and Walter J. Smith, Jr., Washington, D. C., were on the brief, for appellants.

Gary Green, Washington, D. C., for appellees J. J. O'Donnell and Air Line Pilots Association.

Frank F. Rox, Atlanta, Ga., with whom Robert Reed Gray, Washington, D. C., was on the brief, for appellee Delta Air Lines, Inc.

Before EDWARDS,[*] Circuit Judge for the Sixth Circuit, and TAMM and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

These consolidated appeals [1] arise out of the merger between Delta Air Lines, Inc., and Northeast Airlines, Inc. approved by the Civil Aeronautics Board 24 April 1972.[2] Before us are appeals from dismissals by the District Court of actions raising various challenges to that order. Central to both appeals is the issue whether the District Court lacks jurisdiction to entertain a collateral attack upon an order of the Board approving an airline merger, subject to labor protective provisions, and upon the Board's refusal to exercise its reserved jurisdiction to set aside an integrated seniority list negotiated by the parties' freely chosen representatives. For reasons more fully explained below, we affirm the District Court.

## I. BACKGROUND—THE DISTRICT COURT'S ACTIONS

### A. Carey v. O'Donnell

W. Peter Carey and four other former Northeast Airlines pilots filed the class

---

[*] Sitting by designation pursuant to 28 U.S.C. § 291(a).

[1] These appeals were consolidated by this court's order of 1 August 1973.

[2] Orders Nos. 72–5–73 and 72–5–74, Docket 23315. Reference is made to our opinion in the companion case, Northeast Master Executive Council v. CAB, 73–1595, for a more comprehensive background statement of the litigation which followed the Board's order.

action below against the Air Line Pilots Association and its president, J. J. O'Donnell, alleging (1) invidious discrimination, (2) breach of duty of fair representation in the negotiation of a collective bargaining agreement, and (3) violations of the Railway Labor Act ("the RLA").[3] Plaintiffs sought declaratory and injunctive relief against the enforcement by the defendants of the agreement of 26 October 1972, wherein ALPA and Delta incorporated the integrated seniority list complained of.[4]

Pursuant to Fed.R.Civ.P. 12(b)(1) and (6), defendants moved to dismiss the complaint on the grounds that

> "(a) The Court lacks jurisdiction over the subject matter of the action; and

> "(b) The Complaint is barred by a prior judgment; and

> "(c) The Complaint fails to state a claim upon which relief can be granted."[5]

Alternatively, defendants moved for summary judgment "on the basis of the Complaint, and the affidavit and exhibits attached to [the] motion."[6]

The District Court dismissed the complaint on the authority of Northeast Pilots Master Executive Council v. O'Donnell and ALPA,[7] and Hyland v. United Air Lines, Inc.,[8] holding that "exclusive jurisdiction over this controversy lies with the Civil Aeronautics Board . . . ."[9] Plaintiffs' motion for reconsideration was denied.

## B.   Chaudoin v. ALPA

George S. Chaudoin and three other former Northeast Airlines pilots filed the class action below against the Air Line Pilots Association and Delta Air Lines, Inc., alleging violations of the Age Discrimination in Employment Act of 1967 ("the ADEA").[10] Plaintiffs sought a declaration that the agreement of 26 October 1972 incorporating the integrated seniority list was in violation of the ADEA.[11] Asserting the same grounds as in *Carey*, and that "the complaint is a collateral attack on an order of an Administrative Agency, the Civil Aeronautics Board, and it [*sic*] not permitted under the law," [12] defendants moved for dismissal of the complaint or in the alternative for summary judgment.

The District Court found that while the membership in the class below was somewhat smaller than that alleged in *Carey*, all members of the *Chaudoin* class were also members of the *Carey* class. The court also found that while the action in *Carey* was based on unfairness under the RLA and the action in *Chaudoin* on illegal age discrimination under the ADEA, each complaint questioned the validity of the integrated seniority list and therefore raised the same substantive issues. Accordingly, the court held that between plaintiffs and the defendant ALPA, the decision in *Carey* was *res judicata*. Between plaintiffs and the defendant Delta, the doctrine of collateral estoppel applied.[13] The instant appeal is from those holdings.

---

3.   45 U.S.C. § 151 et seq.

4.   The pilots also sought "[d]amages against the Air Line Pilots Association for its refusal to represent the plaintiffs and the destruction of their rights as flight deck crew members in the amount of Seventy-Five Million Dollars ($75,000,000.00)." *Carey* Joint Appendix [hereafter App.] at 8.

5.   *Carey* App. at 9.

6.   *Carey* App. at 10.

7.   Civil No. 1911–72 (D.D.C., 4 October 1972).

8.   254 F.Supp. 367 (N.D.Ill.1966).

9.   *Carey* App. at 88.

10.   29 U.S.C. § 621 et seq.

11.   Plaintiffs also sought liquidated and punitive damages "in such amounts as the Court may determine." *Chaudoin* App. at 6.

12.   *Chaudoin* App. at 11.

13.   *Chaudoin* App. at 255.

## II. EXCLUSIVE JURISDICTION OF THE BOARD AND THE COURTS OF APPEALS

■ Today in Northeast Master Executive Council v. CAB,[14] we affirm the Board's refusal to set aside the integrated seniority list and its holding that the list had been compiled in a "fair and equitable manner." Our jurisdiction to review such orders derives from the Federal Aviation Act of 1958,[15] which provides that orders of the Board "shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia," [16] and that "the court shall have *exclusive jurisdiction* to affirm, modify, or set aside the order complained of . . . ." [17] Congress having thus provided a statutory scheme whereby matters of airline merger, including the fair and equitable integration of seniority lists, are vested in the Civil Aeronautics Board subject *only* to review in the courts of appeals, collateral attacks thereon are impermissible.[18]

Appellants in the cases at bar have all had their day in court as contemplated by the statute.[19] Viewed objectively, the actions below, although couched in terms of violations of the RLA and the ADEA, are essentially collateral attacks on the integrated seniority list as incorporated in the ALPA–Delta agreement of 26 October 1972, approved by the Civil Aeronautics Board, and reviewed by this court in Northeast Master Executive Council. We perceive no necessity for additional review, not contemplated by the Federal Aviation Act, in the District Court or any other forum.

The Seventh Circuit in Oling v. Air Line Pilots Ass'n [20] rejected the claim, brought by pilots aggrieved by the merger of Capital and United Air Lines, that the District Court had jurisdiction over a suit charging discrimination and other violations under the RLA. Like the case at bar, *Oling* involved "a situation where the Board acting within its jurisdiction and authority gave its approval to the merger upon condition that certain labor protective provisions be complied with including that pertaining to seniority integration . . . ." [21] The court held that the allegations made in the District Court were essentially the same as those made before the Board, and as such constituted an impermissible collateral attack on the Board's order.

Appellants over rely on the Board's statement in Universal Airlines Company [22] that it lacks jurisdiction over controversies of the type presented in these appeals, implying that the aggrieved pilots in that case had remedies available elsewhere. But when the Universal pilots' action in District Court—based on a claim of breach of duty of fair representation—was dismissed for lack of subject matter jurisdiction, the

---

14. No. 73–1595.

15. 49 U.S.C. § 1301 et seq.

16. 49 U.S.C. § 1486(a).

17. 49 U.S.C. § 1486(d) (emphasis added).

18. *See* City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 334–337, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958) (exclusive jurisdiction of courts of appeals to review decisions of the Federal Power Commission precludes collateral attack. While the court of appeals decision had already become final in *Tacoma*, the Court's language as to exclusivity would seem to apply whether appellate review had already been instituted or not. The petition to the Board to exercise its reserved jurisdiction, on which our review in *Northeast Master Executive Council* is based, was prior to the District Court actions in *Carey* and *Chaudoin*, although the

petition to our court for review came a month after the District Court actions were begun.)

19. The plaintiff class in *Carey* is congruent with those Northeast personnel represented by the petitioner in *Northeast Master Executive Council*. The smaller plaintiff class in *Chaudoin* is composed of Northeast personnel, all of whom were members of the larger *Carey* class.

20. 346 F.2d 270 (7th Cir. 1965), cert. denied, 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1965).

21. 346 F.2d at 275.

22. Universal Airlines Company, Universal Airlines, Inc., First Grant Corp. and American Flyers Airline Corp.. Order No. 71–9–24. Docket 22123.

Sixth Circuit in *Kesinger v. Universal Airlines, Inc.,*[23] affirmed, citing *Oling,* and noting that "the CAB is not the final word concerning its own jurisdiction . . . and certainly not the final word concerning the jurisdiction of United States district courts."[24]

We follow the result reached in *Oling* and *Kesinger.* Our decision in *Southern Pilots Association v. CAB*[25] is not to the contrary. We said there that the Civil Aeronautics Board "has no jurisdiction to pass upon designations of bargaining agents or charges of discrimination in the representation function."[26] Yet that case, which involved an ordinary unfair representation claim based solely upon principles of labor law, did not arise in the context of an airline merger and subsequent compilation of an integrated seniority list. Consequently, we had no occasion in *Southern Pilots* to consider whether the Board does have jurisdiction over certain labor matters arising out of its approval of an airline merger on conditions involving the fair and equitable negotiated settlement of those labor matters.

## III. OTHER ISSUES

Since we adopt the rationale of the Sixth and Seventh Circuits and hold as we do that the District Court has no jurisdiction over the actions below, we need not reach the questions of *res judicata* and collateral estoppel presented in *Chaudoin.* While it may have found other valid grounds on which to dismiss, the District Court had no more jurisdiction to hear that action than it had to hear *Carey.*

Accordingly, the judgments appealed from are

Affirmed.

EDWARDS, Circuit Judge, concurs in the result in Nos. 73–1608 and 73–1783.

23. 474 F.2d 1127 (6th Cir. 1973).

24. 474 F.2d at 1131.

25. 116 U.S.App.D.C. 283, 323 F.2d 288 (1963), cert. denied, 376 U.S. 954, 84 S.Ct. 966, 11 L.Ed.2d 972 (1964).

26. 116 U.S.App.D.C. at 285, 323 F.2d at 290 (footnote omitted).