716 F.2d 729
 114 L.R.R.M. (BNA) 2997, 98 Lab.Cas. P 10,461
 E.G. CLAYTON, James E. Barott, Don Kocina, James C. Smith,
Paul Shoaff and W.L. Hicks, Plaintiffs/Appellants,
v.
REPUBLIC AIRLINES, INC. and Air Line Employees Association,
International, Defendants/Appellees.
 No. 82-3395.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 9, 1983.
Decided Sept. 23, 1983.
 
 Jon Howard Rosen, Frank & Rosen, Seattle, Wash., for plaintiffs/appellants.
 Lawrence Schwerin, Hafer, Cassidy & Price, Seattle, Wash., for defendants/appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before SKOPIL, PREGERSON and FERGUSON, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 Former employees of Hughes Air West appeal a district court order dismissing their claim of breach of a duty of fair representation. The court dismissed on the basis that exclusive jurisdiction over this matter lies with the Civil Aeronautics Board.
 
 
 2
 We reverse.
 
 FACTS:
 
 3
 Defendant Republic Airlines acquired Hughes Air West effective October 1, 1980. For the purposes of the instant suit, this acquisition is indistinguishable from a merger. In order to effect the merger, Civil Aeronautics Board (CAB) approval was necessary. Federal Aviation Act of 1958 (FAA), 49 U.S.C. Sec. 1378(b). The board conditioned its approval on certain labor protective provisions which included a directive that the employee seniority lists be integrated in a "fair and equitable manner." Since Republic and the Air Line Employees Association (ALEA or union) were not able to resolve the issues through negotiation, the matter went to arbitration. Before the arbitrator, Republic contended that certain former Hughes station managers should receive the greater amount of seniority which they would have received under the Republic agreement, rather than the lesser amount which they would have received as former Hughes employees. The ALEA, which represented the employees within both the Republic and the Hughes units, took the position that the Hughes employees were entitled only to the amount of seniority which they would have accrued under their agreement with Hughes. The plaintiffs were not formally notified of the arbitration and were not present. The arbitrator agreed with the ALEA and awarded the plaintiffs the seniority they would have had within the Hughes bargaining unit.
 
 
 4
 Plaintiffs did not seek review of the arbitration award with the CAB but rather filed suit alleging that the ALEA had breached its duty to represent them fairly and that Republic had, as a result, breached its collective bargaining agreement with the ALEA; they sought damages and vacation of the arbitration award. The district court found that matters arising out of seniority list integration were within the exclusive jurisdiction of the CAB and dismissed for lack of subject matter jurisdiction.
 
 ANALYSIS:
 
 5
 We review de novo orders dismissing for lack of subject matter jurisdiction. Phoenix Title & Trust Co. v. Stewart, 337 F.2d 978, 985 (9th Cir.1964), cert. denied, 380 U.S. 979, 85 S.Ct. 1335, 14 L.Ed.2d 273 (1964).
 
 
 6
 A district court has jurisdiction over a case brought under the Railway Labor Act claiming a breach of the duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Steele v. Louisville & N.R.R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). However, the Federal Aviation Act, 49 U.S.C. Secs. 1301-1552, gives the CAB exclusive jurisdiction over airline consolidations and mergers. The CAB must approve such a merger before it takes place, finding that it is "consistent with the public interest," and may make its approval contingent upon conditions which it deems "just and reasonable." 49 U.S.C. Sec. 1378(b). A CAB order approving merger is reviewable only by the court of appeals. 49 U.S.C. Sec. 1486(a).
 
 
 7
 The CAB order approving the Hughes-Republic merger contained two of its standard labor protective provisions--one ordering integration of seniority lists in "a fair and equitable manner," and one imposing binding and final arbitration if seniority integration could not be negotiated. The CAB also retained jurisdiction to make any changes or modifications of the merger it might deem necessary. The question is whether the FAA and these provisions of the Hughes-Republic order deprived the district court of its jurisdiction to hear the fair representation claim.
 
 
 8
 The issue is one of first impression in this circuit, although it has been addressed in dicta in opinions of two other circuits and raised but reserved in a third. Carey v. O'Donnell, 506 F.2d 107 (D.C.Cir.1974), cert. denied, 419 U.S. 1110, 95 S.Ct. 783, 42 L.Ed.2d 806 (1975); Kesinger v. Universal Airlines, 474 F.2d 1127 (6th Cir.1973); Oling v. ALPA, 346 F.2d 270 (7th Cir.1965), cert. denied, 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1965).
 
 
 9
 In Oling, the Seventh Circuit avoided the ultimate question which confronts us here. Unlike the parties in the instant case, the Oling parties had appealed the arbitrator's decision to the CAB, and the CAB had entered an order affirming the arbitrator's decision. The CAB order was not appealed to the court of appeals, as provided by statute, but was allowed to become final. Instead, the parties filed an action claiming breach of the duty of fair representation in the district court, which dismissed it. The Seventh Circuit affirmed the district court's dismissal, characterizing the claim as a collateral attack upon CAB authority. However, the circuit court specifically reserved the issue of whether jurisdiction was exclusive with the CAB or concurrent between that body and the courts. Id. at 278. Similarly, when confined to their facts, both Carey, 506 F.2d at 107 & 110, and Kesinger, 474 F.2d at 1131, stand for the same proposition although both opinions indicate approval of exclusive CAB jurisdiction in these matters.
 
 
 10
 We prefer the reasoning of the Eighth Circuit in Augspurger v. Brotherhood of Locomotive Engineers, 510 F.2d 853 (8th Cir.1975). On closely analogous facts, the court in Augspurger held that the district court did have jurisdiction over duty-of-fair-representation claims. The Interstate Commerce Commission (ICC), which has merger authority over railroads analogous to the CAB's authority over airlines, had adopted a seniority integration scheme unacceptable to some employees. The Locomotive Engineers union, which had recommended the seniority integration scheme, was alleged by the disaffected employees to have breached its duty of fair representation. The district court dismissed for lack of jurisdiction. The court of appeals held that jurisdiction did lie in the district court to hear duty-of-fair-representation claims, but affirmed because the complaint failed to state a claim. The court relied on policy considerations in favor of jurisdiction in the district court. Id. at 858.
 
 
 11
 Factors which weigh in favor of a finding of exclusive jurisdiction in the CAB include (1) the overall statutory scheme outlined in the Federal Aviation Act, 49 U.S.C. Secs. 1301-1552, which vests in the CAB the total control of airline mergers, including integration of seniority lists, subject only to review in a court of appeals, Carey, 506 F.2d at 110; Kesinger, 474 F.2d at 1131-32; Hyland v. United Air Lines, 254 F.Supp. 367, 372 (N.D.Ill.1966); (2) the agency's responsibility for insuring that such mergers are in the public interest and are conducted efficiently and successfully, Augspurger, 510 F.2d at 857; Hyland, 254 F.Supp. at 372; (3) the expertise of the CAB in the complex labor issues which arise out of such mergers, id.; see also Kesinger, 474 F.2d at 1132; and (4) the risk of inconsistent results in the absence of a central forum were more than one district court to hear the matter. Augspurger, 510 F.2d at 857; Hyland, 254 F.Supp. at 372.
 
 
 12
 As important as these concerns are, there are competing and more important concerns embodied in the duty-of-fair-representation cause of action. Augspurger, 510 F.2d at 857. There is nothing in the wording of the FAA or in its legislative history to indicate that Congress intended to remove from the courts their power to hear this action. Kesinger, 474 F.2d at 1131. The duty of fair representation is judicially created: "It is a right primarily and jealously guarded by the judiciary." Augspurger, 510 F.2d at 857. It originally arose in a racial discrimination context where a union bargained away the rights of black employees in favor of those of white employees. Steele v. Louisville & N. R.R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944) (Railway Labor Act). Eighteen years later the National Labor Relations Board recognized that the same actions could also come before it as an unfair labor practice. Miranda Fuel Co., 140 N.L.R.B. 181 (1962), enforcement denied, 326 F.2d 172 (2d Cir.1963). Shortly thereafter, it was argued to the Supreme Court that district court jurisdiction to hear duty-of-fair-representation claims was now preempted by the NLRB under San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959).
 
 
 13
 In Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Court rejected that contention for reasons which are relevant here. It said:
 
 
 14
 This Court recognized in Steele that the congressional grant of power to a union to act as exclusive collective bargaining representative, with its corresponding reduction in the individual rights of employees so represented, would raise grave constitutional problems if unions were free to exercise this power to further racial discrimination .... Since that landmark decision, the duty of fair representation has stood as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law.
 
 
 15
 Id. at 182, 87 S.Ct. at 912. (Note that Vaca was not a race discrimination case.) The Court believed that entrusting a fair representation claim to the NLRB, even under circumstances where that body was willing and able to hear it, was constitutionally questionable. The authority of the CAB to hear such a claim when the board has asserted that it is neither willing nor able to do so, see, e.g., Int'l Ass'n of Machinists v. Northeast Airlines, 536 F.2d 975, 977 (1st Cir.1976), cert. denied, 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 328 (1976); Union of Professional Airmen v. CAB, 511 F.2d 423, 426 (D.C.Cir.1975); Kesinger, 474 F.2d at 1129 & 1131, seems to us even more questionable.
 
 
 16
 The Vaca Court observed that duty-of-fair-representation cases raised issues outside those usually heard by the NLRB and for that reason the courts possessed expertise at least as great as that of the agency in this area. This reason for rejecting exclusive agency jurisdiction applies with even greater force to the CAB. Finally, Vaca notes that the NLRB is primarily entrusted with effectuating federal labor policy rather than remedying individual wrongs, which is the traditional role of the courts. The CAB is, of course, primarily entrusted with effectuating federal transportation policy with regard to airlines rather than with remedying individual wrongs.
 
 
 17
 It seems to us, therefore, that the Supreme Court in Vaca met the same arguments presented in this case, and found jurisdiction in the district courts. Federal labor legislation certainly entrusts the NLRB with control over labor matters at least as great as that exercised by the CAB, charges it with a duty to regulate matters in such a way that the public interest in industrial peace is best served, and creates in that body massive expertise. Vaca's reasoning on these points applies with even greater force against vesting exclusive jurisdiction in the CAB.
 
 
 18
 As for concern about inconsistent results where multiple claimants assert their claims in different districts at different times, the courts allow such claims in other merger situations involving national firms and integration of seniority lists. See, e.g., Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1954). There seems little reason for a special rule insulating airlines in the absence of express congressional direction. Moreover, the federal courts have both the traditional resources of collateral estoppel and res judicata and the special procedures of multi-district litigation with which to handle such matters.
 
 
 19
 As for the concern that granting this cause of action might seriously hamper the CAB in the performance of its duty to see that airline mergers in the public interest proceed successfully, we note that in order to breach its duty a union's conduct must be egregious. Augspurger, 510 F.2d at 858-59. A union breaches its duty to fairly represent its members only if it is dishonest or arbitrary, acts in bad faith or with personal hostility. In this circuit mere negligence is not enough. Dente v. Masters, Mates & Pilots Local 90, 492 F.2d 10 (9th Cir.1973), cert. denied, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974). There is a body of cases extant which deals with charges of breach within the integration of seniority lists-merger situation. See, e.g., Humphrey v. Moore, 375 U.S. at 355, 84 S.Ct. 363; Price v. Teamsters, 457 F.2d 605 (3d Cir.1972). These courts have observed that within this context, it is almost inevitable that some individuals will be injured, and that even where the same union represents both bodies of employees, it does not breach its duty to individual members as long as it proceeds on some reasoned basis. Id. If a union has not met this minimal level of representation, perhaps the merger should be re-examined. The employer is, of course, never open to liability on this theory until breach by the union has been established. Vaca v. Sipes, 386 U.S. at 195-198.
 
 
 20
 We therefore hold that despite the statutory delegation of control over airline mergers to the CAB, jurisdiction to hear duty-of-fair-representation claims remains in the district courts. The district court is REVERSED both as to the duty-of-fair-representation suit against the union and the breach-of-contract action against the employer. The case is remanded for further proceedings not inconsistent with this opinion.