First Officers Arthur N. **ROGERS** and Michael J. Baker, Plaintiffs,

v.

**AIRLINE PILOTS ASSOCIATION, INTERNATIONAL, et al.,** Defendants.

**Civ. A. No. H–84–3985.**

United States District Court, S.D. Texas, Houston Division.

Sept. 18, 1985.

David M. Feldman, Houston, Tex., for plaintiffs.

Helen Brattin, Fickman, Van Os, Waterman, Dean & Moore, P.C., Houston, Tex., and James W. Johnson, Washington, D.C., for Airline Pilots Assn.

John J. Gallagher, Pat Casey, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C. and Rachel Suarez, Houston, Tex., for Continental Airlines.

## ORDER

McDONALD, District Judge.

Came on to be heard Defendant Air Line Pilots Association, International's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. After careful consideration, the Court is of the opinion that the Motion should be denied.

This is a case in which the Plaintiffs, two pilots who are members of the Air Line Pilots Association, have filed against the Defendants, Air Line Pilots Association International ("ALPA") and Continental Air Lines, Inc. ("CAL"), for breach of the duty of fair representation during an arbitration proceeding and to enforce an arbitration award issued by the TXI Pilots' System Board of Adjustment. In deciding a Motion to Dismiss, the Court should not grant the motion unless it appears to a certainty that Plaintiff would not prevail on his claim under any set of facts which could be proven in support of his claim. *Conley v. Gib-*

*son,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Robinson v. Price,* 553 F.2d 918 (5th Cir.1977).

## I. *Exclusive Jurisdiction*

ALPA argues that the Civil Aeronautics Board ("CAB")[1] has exclusive jurisdiction over airline mergers and seniority list integration and therefore this Court lacks subject matter jurisdiction over the Plaintiffs' claims.

The CAB/DOT does have exclusive jurisdiction over airline consolidation and airline mergers. Federal Aviation Act, 49 U.S.C. §§ 1378. Furthermore, an order by the CAB/DOT approving a merger is only reviewable in the court of appeals. 49 U.S.C. § 1486(a).

■ However, in this case the Plaintiffs are claiming that ALPA breached its duty of fair representation. The Fifth Circuit is silent on the question of whether a claim for breach of the duty of fair representation under the Federal Aviation Act is cognizable in the district courts. In an analogous case, the Fifth Circuit held that a claim for breach of the duty of fair representation is not under the exclusive jurisdiction of the National Labor Relations Board. *Mumford v. Glover,* 503 F.2d 878, 883 (5th Cir.1974); *Smith v. Local No. 25, Sheet Metal Workers Int. Ass'n,* 500 F.2d 741, 747 (5th Cir.1974). The Court in *Mumford* held that the implied statutory duty of fair representation is a claim arising under a statute regulating commerce within the confines of 28 U.S.C. § 1337. *Id.* at 883. The *Mumford* Court concluded that jurisdiction was present in the District Courts to hear claims of breach of the duty of fair representation because the cause of action was judicially created. *Id.* The Ninth Circuit has considered the precise issue before the Court and has held that a duty of fair representation claim was cognizable in the District Courts under the Federal Aviation Act upon the same basis formulated in

---

1. The CAB's authority with respect to airline consolidation and mergers was to be transferred to the Department of Justice, but was recently shifted to the Department of Transportation ("DOT"). The Court will refer to the agency in charge as the CAB/DOT. 49 U.S.C. §§ 1551(a) and (b) (Supp.1984).

*Mumford. Clayton v. Republic Airlines, Inc.,* 716 F.2d 729, 731 (9th Cir.1983). This Court also concludes that the analogy with *Mumford* is so clear that the same result is called for and hereby finds that the Plaintiffs' claims are sustainable in the District Court. *See Clayton,* 716 F.2d at 729. In addition, the Court finds that the Plaintiffs are not pursuing this action merely as a collateral attack on the integrated senority list. *See Carey, et al. v. O'Donnell (Air Line Pilots Association), et al.,* 506 F.2d 107 (D.C.Cir.1974).

## II. *Exhaustion*

■ ALPA asserts that even if the CAB does not have exclusive jurisdiction, the Plaintiffs' claims should be dismissed because Plaintiffs have not exhausted their administrative remedies before the CAB. ALPA specifically relies upon Plaintiffs action in filing a complaint before the CAB as a grounds for requiring exhaustion. Although exhaustion of administrative remedies is a generally recognized rule, there is no language in the Federal Aviation Act that requires Plaintiffs to exhaust their administrative remedies before the CAB/DOT prior to filing a claim of unfair representation with the District Court. ALPA has not cited any authority to the contrary. Finding that the CAB/DOT has not rendered a decision on the merits; that the break up of the CAB raises serious questions about the adjudication of claims; and that the District Courts do have jurisdiction over unfair representation claims, the Court concludes that the Plaintiffs' claims should not be dismissed for failure to exhaust administrative remedies.

## III. *Primary Jurisdiction*

■ ALPA also claims that the Plaintiffs' complaint should be dismissed under the primary jurisdiction doctrine. The Court disagrees. The primary jurisdiction doctrine is invoked where the Court defers adjudication of a matter to an agency with collateral jurisdiction on the basis of that agency's expertise. *Oasis Petroleum Corp. v. U.S. Dept. of Energy,* 718 F.2d

1558 (Temp.Emer.Ct.App.1983). Absent a showing of congressional intent, expertise alone of the CAB/DOT is not enough to permanently divest the Courts of jurisdiction over duty of fair representation cases. There is nothing in the wording of the FAA or in its legislative history to indicate that Congress intended to remove from the Court their power to hear duty of fair representation actions. *Clayton,* 716 F.2d at 731, *citing, Kesinger v. Universal Airlines,* 474 F.2d 1127 (6th Cir.1973). Moreover, in an action for breach of the duty of fair representation, the Court has as much expertise as the CAB/DOT in remedying individual wrongs. *See Clayton* 716 F.2d at 732. For the above reasons, the Court rejects ALPA's contention. ALPA also claims that the Plaintiffs have failed to state a claim upon which relief can be granted. The Court rejects this argument based upon the' rationale in *Clayton. Clayton,* 716 F.2d at 731. Accordingly,

It is ORDERED that ALPA's Motion to Dismiss be and hereby is DENIED.