15 F.3d 1089
 146 L.R.R.M. (BNA) 2704
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald J. SNYDER, Plaintiff-Appellee,
v.
CONSOLIDATED FREIGHTWAYS, INC. et al., Defendants-Appellants.
 No. 92-16960.
 United States Court of Appeals, Ninth Circuit.
 Jan. 28, 1994.
 
 Before: CHOY, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In January 1991, Appellee Consolidated Freightways, Inc. (Consolidated) fired Appellant Gerald J. Snyder (Snyder) as a supplemental driver employed under the terms of a National Master Freight Agreement (the NMFA), a multi-employer collective bargaining agreement negotiated by Snyder's union, Chauffeurs, Teamsters and Helpers Union, Local No. 150 (the Union). After unsuccessfully filing a grievance through the Union, Snyder sued Consolidated and Union for breach of contract and Union for breach of duty of fair representation. Upon Consolidated's and the Union's submission of affidavits attesting to their compliance with the NMFA in terminating Snyder, the district court granted their motion for summary judgment against Snyder but denied their request for attorney's fees. We affirm.
 
 
 3
 Snyder contends that the NMFA's provisions for calculating tours of duty should be read liberally in light of the Restatement (2nd) Contracts, Sec. 207 to protect third party beneficiaries such as himself. Section 207 provides that "[i]n choosing among reasonable meanings of a promise or agreement or a term thereof, a meaning that serves the public interest is generally preferred." A finding that Snyder had completed his 40 tours of duty and that his probationary period had thus elapsed before he received notice of termination, Snyder contends, would comport with the remedial, protective function of federal labor law.
 
 
 4
 As a preliminary matter, Snyder failed to establish sufficient ambiguity surrounding the technical terms entering into the calculation of tours of duty to justify application of Section 207 or reliance on other rules of construction.
 
 
 5
 Secondly, Snyder's self-serving conception of the public interest conflicts directly with an expressly stated and judicially recognized goal of Congress--promotion of uniform federal labor law encouraging unions and employers to contract for the final arbitral or judicial resolution of disputes. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). This goal would be ill-served if each employee were vested with the authority to interpret the NMFA and compel arbitration on the basis of personal interpretation.
 
 
 6
 Finally, the Supreme Court has explicitly held that collective bargaining agreements are not typical third-party beneficiary contracts. Lewis v. Benedict Coal Corp., 361 U.S. 459, 468 (1959). Therefore, the rule of construction urged by Snyder is inapposite.
 
 
 7
 Snyder also contends that the trial court committed reversible error by finding that he had not raised a triable issue of material fact regarding the correct calculation of tours of duty under Article 58 of the NMFA. We review de novo a trial court's grant of a motion for summary judgment. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). Viewing the record in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986).
 
 
 8
 The dispute between Snyder and Appellees hinged upon the terms "shuttle" and "turnaround" and their conversion into tours of duty. The Union and Consolidated presented the sworn affidavits of four officials with varied and considerable experience in the trade, including a union official, a firm representative and two truck drivers, attesting to the correct method of calculating tours of duty under the NMFA. In addition, representatives of both Consolidated and the Union submitted affidavits declaring that Snyder had erroneously double-counted shuttle runs within a single shift on four occasions prior to December 8, 1990 and twice thereafter.
 
 
 9
 Whereas the Appellees designated each of Snyder's hauls by type of dispatch and number of tours earned and corroborated these calculations in supporting affidavits, Snyder countered only with summary assertions about the number of tours of duty he earned on each dispatch without explaining his method for calculating tours or even designating tours by type of dispatch. A "party cannot manufacture a genuine issue of material fact merely by making assertions." S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidd & Co., 690 F.2d 1235, 1238 (9th Cir.1982).
 
 
 10
 In addition, Snyder presented no evidence to rebut the affiants' designation of the disputed hauls as shuttle dispatches and consequently differing calculation of the expiration date for Snyder's probationary period. "Mere conclusory allegations unsupported by factual data" cannot defeat a motion for summary judgment. Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir.1981). Having offered only conclusory allegations as to the correct characterization of the four hauls in dispute, Snyder therefore failed to raise a triable issue of fact precluding summary judgment with regard to alleged breach of the notice of termination provisions in the NMFA.
 
 
 11
 Snyder's third contention as to the Union's breach of its duty of fair representation fails on a number of grounds. Firstly, Snyder failed to support the contention that the Union's conduct toward him was "arbitrary, discriminatory or in bad faith" and thus in violation of its duty of fair representation under Dutrisac v. Catepillar Tractor Co., 749 F.2d 1270, 1272 (9th Cir.1983), quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967). Balancing collective and individual interests in their decision whether to pursue an individual employee's grievance, unions retain wide discretion and substantial deference from the courts in suits alleging unfair representation. Banks v. Bethlehem Steel Corp., 870 F.2d 1438, 1441 (9th Cir.1989); Johnson v. United States Postal Service, 756 F.2d 1461, 1465 (9th Cir.1985).
 
 
 12
 Viewing the record in the light most favorable to the Union and according it due deference in handling employee grievances, the Union's representative, Christopher, made diligent efforts to represent Snyder before Consolidated, notwithstanding his carefully confirmed doubts about the merits of Snyder's grievance. Any untimeliness in the filing of Snyder's grievance was occasioned not by any arbitrary, discriminatory or bad faith failure on Christopher's part, but by Snyder's failure to insist that a grievance be filed until the deadline had passed.
 
 
 13
 Even assuming arguendo that Christopher's conduct were negligent, a proposition Snyder did not support, mere negligent conduct on the Union's part would not constitute a breach of the Union's duty of fair representation. Clayton v. Republic Airlines, Inc., 716 F.2d 729, 732 (9th Cir.1983). Provided that the Union's decision was in good faith and nondiscriminatory, its processing of Snyder's grievance need not be error-free. Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986). Viewed in the appropriate light, Christopher's recalculations of Snyder's tours of duty and Consolidated's notice deadline gave Christopher a basis for refraining from filing a grievance (at least before Snyder demanded such action) that was not only nondiscriminatory and in good faith, but also correct.
 
 
 14
 Finally, even if Christopher's failure to file a timely grievance had violated the Union's duty of fair representation, such failure would not have prejudiced Christopher's rights. To prevail on a claim against a union for breach of its duty of representation, the plaintiff must prove that the duty was breached and that the underlying grievance would have been meritorious. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983). Snyder did not even raise a triable issue of fact as to the merits of his grievance, much less furnish grounds from which a meritorious grievance could plausibly be ascertained.
 
 
 15
 Appellees counter that they are entitled to attorney's fees on appeal pursuant to 28 U.S.C. 1927, Ninth Circuit Rules 28-2.3 and 39-1.6 and Ninth Circuit case law. See, e.g., Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc., 795 F.2d 1501, 1508 (9th Cir.1986) (awarding damages to appellee where appeal was frivolous). We deem an appeal frivolous "when the result is obvious or the appellant's arguments of error are wholly without merit." McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 16
 While this appeal might be seen as the last in a series of visceral reflex responses by Snyder to denial of an unfounded grievance, given the factual complexity of the tour tallying issue on which Snyder's various contentions ultimately hinged, the absence of a triable issue of fact was not altogether obvious. Although the welter of evidence Snyder offered was upon closer analysis unresponsive to the issue of whether the disputed hauls were shuttle dispatches, in view of the complexity of the rules governing designation of dispatches and tallying of tours, we agree with the district court in declining to award Consolidated and Union attorney's fees.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3