Juanita WELLS

v.

**DELTA AIR LINES, INC.**

**Civ. A. No. 74–1659.**

United States District Court,
E. D. Pennsylvania.

Aug. 7, 1975.

Robert J. McDonnell, Yeadon, Pa., for plaintiff.

Frank F. Rox, Robert S. Harkey, Law Dept., Hartsfield Atlanta Int'l Airport, Atlanta Ga., Gerard J. St. John, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This case is one of several that have been brought in federal district courts in recent years because of the Civil Aeronautics Board's (CAB) attempt to formulate a policy of abstention from hearing labor disputes that arise in connection with airline mergers. The defendant, Delta Air Lines, Inc., has filed a motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim for which relief can be granted pursuant to Rule 12(b), F.R.Civ.P. I agree that this court lacks jurisdiction.

In May of 1971, Delta and Northeast Airlines, Inc. entered into a merger agreement which was submitted to the CAB for approval pursuant to the provisions of § 408 of the Federal Aviation Act of 1958, 49 U.S.C. § 1378, as amended. The CAB, in accordance with its practice in merger cases, conditioned approval of the merger on certain "Labor Protective Provisions" (LPP) designed to compensate employees dismissed as a result of the merger for their financial losses. *Delta/Northeast Merger Case,* CAB Order No. 72–5–73 (1972).

The CAB's authority to require LPP's in airline mergers is well established. *United States et al. v. Lowden et al.,* 308 U.S. 225, 238, 60 S.Ct. 248, 84 L.Ed. 208 (1939); *Kent v. Civil Aeronautics Board,* 204 F.2d 263, 265 (2d Cir.), *cert. denied,* 346 U.S. 826, 74 S.Ct. 46, 98 L.Ed. 351 (1953); *Outland et al. v. Civil Aeronautics Board,* 109 U.S.

App.D.C. 90, 284 F.2d 224, 228 (1960); *Oling v. Air Line Pilots Association,* 346 F.2d 270, 275 (7th Cir.), *cert. denied,* 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1965); *Kesinger v. Universal Airlines, Inc.,* 474 F.2d 1127, 1130 (6th Cir. 1973).

Under § 4(a) of the LPP, "no employee of either of the carriers involved in the merger who is continued in service shall as a result of the merger be placed in a worse position with respect to compensation than he occupied immediately prior to his displacement . . . ." Under § 4(d), the protections of the order extend to displacements occurring three years from the effective date of the merger. Section 5(a) lists a schedule of "dismissal allowances" providing compensation of up to 60 per cent of salary for up to 60 months, depending on length of service. Section 5 (c) specifically exempts from the protections of the LPP dismissals for "justifiable cause." Section 13(a) provides for arbitration of disputes arising under the LPP.

The merger was consummated August 1, 1972. Plaintiff had been employed by Northeast at the Philadelphia International Airport from May, 1957, to July 31, 1972. She began as a Ticket Agent and eventually rose to Chief Ticket Agent, a supervisory position. She was continued as an employee of Delta, the surviving carrier. Soon after the merger, however, she began experiencing problems with the new management. She was reprimanded and placed on probation on several occasions because of alleged deficiencies in the discharge of her duties. Ultimately she was offered another position with different responsibilities. There appears to be a dispute as to whether the new position was at the same, or at a lesser, salary. In any event, plaintiff refused the offer of the new position and she was terminated effective January 31, 1973, some six months after the merger.

Plaintiff, asserting that her discharge is controlled by the LPP, requested arbitration, but Delta refused. Plaintiff then petitioned the CAB for an order compelling Delta to submit to arbitration.

Before the Board, plaintiff maintained, as she does here, that her discharge was attributable to the Delta/Northeast merger and that she was pressured and harassed "with the premeditated intention of firing her . . . to avoid the Labor Protective Provision of the C.A.B. Order and cloak her dismissal under the caption of disciplinary termination." Complaint, paragraph 3(1). See also *Delta/Northeast Merger Case,* CAB Order No. 74–5–71, pages 1 and 2 (1974). Delta argued that the discharge was for cause—specifically, incompetence in handling company funds—and therefore outside the ambit of the LPP.

The CAB dismissed the case, but in so doing it adopted the position of neither of the parties. Instead, it chose a third course. Noting that it lacks expertise in labor matters and that it is not charged with being a labor board for the airline industry, it declined to intervene between the parties and order arbitration "where arbitration can be ordered by a court with authority to enforce its decrees." The CAB continued:

> "Here the dispute is of a factual nature between the air carrier and a single employee over whether the employee's claim is of a bona fide and nonfrivolous nature which would entitle the employee to arbitration of its merits. Such an issue, in our view . . . ., is more appropriate for consideration by a court than by the Board." *Delta/Northeast Merger Case,* CAB Order No. 74–5–71, at page 3 (1974).

Plaintiff did not appeal from the Board's decision to the Court of Appeals as provided in 49 U.S.C. § 1486.[1] In-

---

1. Section 1486(a) provides:
   "Any order, affirmative or negative, issued by the Board or Administrator under this

chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of

stead, in plain disregard of the statutory method of review (see Plaintiff's Brief Contra Defendant's Motion to Dismiss at pages 5 and 6) she filed a complaint in this court seeking an order requiring Delta to submit to arbitration. Alternatively, she asks the court to find that Delta willfully breached the order requiring arbitration of disputes under the LPP. Plaintiff also urges that, if the court finds the matter is not proper for arbitration, the court should retain jurisdiction on the theory that the plaintiff is a third-party beneficiary to the "agreement" between Delta and the CAB.

While the plaintiff's brief against the defendant's motion to dismiss is less than transparently clear, she seems to put forward four grounds of jurisdiction: Concurrent jurisdiction between the CAB and the federal district courts for enforcement of LPP's; the Arbitration Act, 9 U.S.C. § 1 et seq.; 49 U.S.C. § 1487 which provides for enforcement of CAB orders in district courts; and diversity of citizenship under the aforementioned third-party beneficiary theory.

■ The jurisdiction of the district courts to resolve merger related conflicts between carriers and employees under CAB-ordered LPP's has been considered in a number of other cases. All have held that the CAB has exclusive jurisdiction to hear these matters, that collateral attacks on a CAB ruling in federal district court are not permitted, and that the exclusive method of review of

an adverse ruling by the Board is appeal to the Court of Appeals as provided in 49 U.S.C. § 1486. *Oling v. Air Line Pilots Association, supra,* at 275–77; *Hyland v. United Air Lines, Inc.,* 254 F. Supp. 367, 370–73 (N.D.Ill.1966); *Kesinger v. Universal Airlines, Inc., supra,* at 1131–32; *Northeast Master Executive Council v. C.A.B.,* 165 U.S.App.D.C. 36, 506 F.2d 97, 100 (1974); *Carey et al. v. O'Donnell,* 165 U.S.App.D.C. 46, 506 F. 2d 107, 110–111 (1974).[2]

Several of these cases are procedurally almost identical to the case at bar. In *Oling,* petitioner received an adverse ruling from the Board when challenging integration of seniority lists following a merger. Without appealing the order dismissing the petition, plaintiff commenced an action in district court alleging violations of the Railway Labor Act. The district court dismissed the case for lack of jurisdiction, and the circuit court affirmed, holding that the plaintiff's sole remedy was the statutory procedure for review of the CAB order to the Court of Appeals.

In *Kesinger,* another case involving integration of seniority lists following an airline merger, a group of employees petitioned the CAB to order binding arbitration to formulate a new list. As here, the CAB refused to pass on the merits of the petition and dismissed, citing its lack of expertise in labor matters. Also as here, the petitioners filed an action to compel arbitration in district court. It was dismissed for lack of subject matter jurisdiction. The circuit court affirmed, holding that under 49

this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore."

Section 1486(d) provides:

"Upon transmittal of the petition to the Board or Administrator, the court shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Administrator. Upon good cause shown and after reasonable notice to the Board or Administrator, interlocutory relief may be granted by stay of the order or by such mandatory or other relief as may be appropriate."

2. *Carey* was consolidated before the Court of Appeals with *Chaudoin v. Air Line Pilots Association.*

U.S.C. § 1486 the exclusive remedy was to appeal the CAB's action to the Court of Appeals.

*Carey* arose out of the same Delta/Northeast merger at issue here. In affirming a district court dismissal of the actions on jurisdictional grounds, the Court of Appeals for the District of Columbia Circuit said:

> "Appellants over rely on the Board's statement in *Universal Airlines Company* that it lacks jurisdiction over controversies of the type presented in these appeals, implying that the aggrieved pilots in that case had remedies available elsewhere. But when the Universal pilots' action in District Court—based on a claim of breach of duty of fair representation —was dismissed for lack of subject matter jurisdiction, the Sixth Circuit in *Kesinger v. Universal Airlines, Inc.*, affirmed, citing *Oling*, and noting that 'the CAB is not the final word concerning its own jurisdiction . . . and certainly not the final word concerning the jurisdiction of the United States district courts.'" (Footnotes omitted.) 506 F.2d at 110–11.

Just as in the above-cited cases, the plaintiff in the case at bar has disregarded the statutory route of appeal of CAB rulings to the Court of Appeals and has sought instead to bring an original action in this court. Both the plain language of the statute, 49 U.S.C. § 1486, and the cases make it clear that the plaintiff cannot do this. This court has no jurisdiction to hear her claim. The CAB has exclusive jurisdiction to resolve her claim to arbitration of her dismissal in accordance with the LPP.

■ Plaintiff's second ground of asserted jurisdiction seeks to treat the LPP as a contract or agreement either between the CAB and Delta or between Delta and Northeast. Thus she contends that the arbitration clause of § 13 of the LPP brings this case within the Arbitration Act of 1925, 9 U.S.C. § 1 et seq. Section 2 of that Act provides that con-tracts "involving commerce" to settle controversies by arbitration are valid and enforceable. Section 4 provides for jurisdiction in the district courts to enforce such arbitration clauses.

Assuming, *arguendo*, that the LPP is a contract or agreement, I believe this contention also must fail. The first sentence of § 4 reads as follows:

> "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration *may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter* of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." (Emphasis supplied.)

The LPP is clearly not such an agreement, over which, save for the arbitration clause, a district court has subject matter jurisdiction to determine the rights of the parties. While the Courts of Appeals in *Oling, Kesinger* and *Carey* did not explicitly mention the Arbitration Act, I cannot assume that they failed to consider the Act or the strong federal policy in favor of arbitration of labor disputes. See *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Several factors reinforce my belief that, despite the Arbitration Act, the CAB has exclusive jurisdiction over this case. First, as in *Oling*, the plaintiff brings to this court the identical issues she first took to the CAB. 346 F.2d at 277–78. Second, as *Carey* emphasizes, this claim is not an ordinary contract case based on principles of labor law, but arises in the context of an airline merger. 506 F.2d at 111. Finally, I cannot see how the policies that favor arbitration clauses—the achievement of orderliness and certainty by agreeing in advance to a forum acceptable to both

parties, see *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 518, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 13–14, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)—are served by allowing anyone claiming arbitration under an LPP to bring a complaint not only to the CAB, which has jurisdiction under the Aviation Act, but also in any district court where venue may be found. Accordingly, I believe that § 1378 and § 1486 of the Aviation Act must be read as creating exceptions to the general enforceability of arbitration clauses in district courts when those clauses are part of the Labor Protective Provisions laid down by the CAB in approving airline mergers.

■ Plaintiff's claim of standing under 49 U.S.C. § 1487 [3] is likewise without merit. That section confers standing on the Board to seek enforcement of its own orders in federal district court; it does not confer standing on individuals. The only exception to that rule is a private suit for violation of 49 U.S.C. § 1371(a), which is inapposite here. The familar rule of *expressio unius est exclusio alterius* therefore bars private suits of the kind the plaintiff seeks to maintain. *Caribbean Atlantic Airlines, Inc. v. Leeward Islands Air Transport,* 269 F.Supp. 231, 233–35 (D.P.R.1967). See also *Eisman v. PanAmerican World Airlines,* 336 F.Supp. 543 (E.D.Pa. 1971).

Even assuming, however, that plaintiff has standing under the statute, there is no order of the CAB for the court to enforce. Section 13 of the LPP does not order Delta to arbitrate every conceivable enployment dispute that might arise in the space of three years after the merger. It only provides for a method of resolving disputes which arise *within the coverage* of the LPP. Since Delta maintains that the plaintiff's discharge was unrelated to the merger and outside the scope of the LPP, and since the CAB has not resolved that issue adversely to Delta, there is no order of the CAB for which the plaintiff can seek enforcement.

I have searched for some independent ground of jurisdiction and have been unable to find one. Section 301 of the Labor Management Relations Act, 29 U.S. C. § 185, provides for jurisdiction in the district courts for suits for violation of contracts between employers and labor organizations, but the plaintiff has not alleged the existence of any collective bargaining agreement. Similarly, district courts have jurisdiction to hear private civil actions based on employment discrimination with respect to age, 29 U.S.C. § 626(c), and with respect to race or sex, 42 U.S.C. §§ 2000e–2(a), 2000e–5(f)(3), but the plaintiff has not alleged any such discrimination.

■ Finally, the plaintiff asks this court to retain jurisdiction on the ground that she is a "third-party beneficiary to the agreement between the CAB and Delta Airlines, Inc." This contention is difficult to understand. Certainly the order of the regulatory agency approving the merger subject to the LPP is no contract or agreement within any definition of the term. In the absence

3. Section 1487(a) provides:
"If any person violates any provision of this chapter, or any rule, regulation, requirement, or order thereunder, or any term, condition, or limitation of any certificate or permit issued under this chapter, the Board or Administrator, as the case may be, their duly authorized agents, or, in the case of a violation of section 1514 of this title, the Attorney General, or, in the case of a violation of section 1371(a) of this title, any party in interest, may apply to the district court of the United States, for any district wherein such person carries on his business or wherein the violation occurred, for the enforcement of such provision of this chapter, or of such rule, regulation, requirement, order, term, condition, or limitation; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or other process, mandatory or otherwise, restraining such person, his officers, agents, employees, and representatives, from further violation of such provision of this chapter or of such rule, regulation, requirement, order, term, condition, or limitation, and requiring their obedience thereto."

of any allegations upon which a contract, express or implied, can be found, the plaintiff fails to state a claim upon which relief can be granted under the third-party beneficiary theory. It is clear that whatever rights the plaintiff may have against Delta must arise from the LPP alone. Even assuming that the LPP may be construed as a contract of some kind, adjudication of rights arising thereunder is within the exclusive jurisdiction of the CAB, as we have seen.

In summary, the CAB has exclusive jurisdiction over changes of employment relating to airline mergers. Plaintiff must look to the CAB for whatever relief she may be entitled to under the Labor Protective Provisions in the order approving the Delta/Northeast merger and to the Court of Appeals for review of any adverse CAB disposition of her case. Since there is no other basis for jurisdiction, the motion to dismiss the complaint will be granted.

See also, D.C., 60 F.R.D. 381 and D.C., 372 F.Supp. 175.