**PENINSULA AIRPORT COMMISSION, Plaintiff,**

v.

**NATIONAL AIRLINES, INC., Defendant.**

**Civ. A. No. 77–90–NN.**

United States District Court, E. D. Virginia, Newport News Division.

Aug. 26, 1977.

Herbert V. Kelly, Jones, Blechman, Woltz & Kelly, Newport News, Va., for plaintiff.

John Y. Pearson, Jr., Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., Bruce L. McDonald, Kirkland, Ellis & Rowe, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on the motion of Peninsula Airport Commission for a preliminary injunction requiring National Airlines, Inc. (National) to continue its present schedule of air service to Patrick Henry International Airport (Airport) until resolution of National's request, currently pending before the Civil Aeronautics Board, temporarily to suspend service to the Airport.

Plaintiff is a quasi-governmental agency composed of members appointed by the governing boards of the Cities of Newport News, Hampton and Williamsburg, Virginia, and the Counties of York and James City, Virginia. Plaintiff owns and operates the Patrick Henry International Airport in the City of Newport News, Virginia.

Defendant is a Florida corporation doing business in the City of Newport News, Virginia. Defendant holds a certificate of public convenience and necessity from the Civil Aeronautics Board authorizing air service by National to the Airport. Defendant has applied to the C.A.B. for permission temporarily to suspend air service to the Airport.

The complaint charges that defendant has informed the plaintiff and the affected communities that, effective September 1, 1977, the defendant will suspend all air service to the Airport except for one daily early morning flight from Norfolk to the Airport and return to Norfolk. Plaintiff charges that the action by National constitutes de facto abandonment of service, which violates 49 U.S.C. § 1371(j), and is a breach of the terms and conditions of National's certificate. Plaintiff moves to enjoin defendant from limiting air service to the Airport.

The defendant opposes the motion for a preliminary injunction of the grounds (1) that the Court is without jurisdiction to entertain this motion by a private party in interest, and (2) that even if the Court had jurisdiction plaintiff has failed to meet the legal and factual requirements for issuance of a preliminary injunction.

The Court need not reach the issue of the merits of the motion because we conclude that this Court is without jurisdiction to hear the issue raised because they are raised by a private party in interest rather than by the C.A.B. or the Administrator of the Federal Aviation Administration.

Plaintiff attempts to base this Court's right to act without the intervention of the C.A.B. or the Administrator on 28 U.S.C. § 1337, which confers upon district courts "original jurisdiction of any civil action . . . arising under an Act of Congress regulating commerce." The Federal Aviation Act, 49 U.S.C. §§ 1301, *et seq.*, is an act regulating commerce, but it contains a jurisdiction conferring provision, 49 U.S.C. § 1487, which provides that entry into a United States District Court must be through the offices or efforts of the C.A.B. or the Administrator, except in instances not applicable here. When an act contains such a provision, 28 U.S.C. § 1337 cannot be utilized to expand the Congressional grant of jurisdiction in the Act. *Switchmen's Union v. National Mediation Board*, 320 U.S. 297, 300–01, 64 S.Ct. 95, 88 L.Ed. 61 (1943).

Plaintiff has relied upon two cases in which injunctive relief was allowed to support the jurisdiction of this Court without the intervention of the C.A.B. or the Administrator. *Murray v. Kunzig*, 149 U.S. App.D.C. 256, 462 F.2d 871 (1972) and *Muskegon v. United Airlines, Inc.*, No. 73–129 (W.D.Mich. filed May 30, 1973). However, *Murray v. Kunzig, supra*, was reversed by the United States Supreme Court in *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) on precisely the issue relied upon by plaintiff. The impact of *Muskegon*, upon which plaintiff also relied, is vitiated by the reversal of *Murray* because *Muskegon* depended for its jurisdictional grant specifically on the reasoning of *Murray*.

The jurisdiction conferring provision of the Federal Aviation Act, 49 U.S.C. § 1487, expressly limits a private party in interest, such as the plaintiff, to enforce 49 U.S.C. § 1371(a), which requires a certificate from the C.A.B. over a given route. The plaintiff in this action seeks to enforce 49 U.S.C. § 1371(j) or the *terms* of National's certificate issued by the Civil Aeronautics Board. With two exceptions, not applicable here, one of which is the enforcement of § 1371(a), all provisions of the Act and of the terms and conditions of certificates if to be enforced through court action are to be enforced by the Board or the Administrator under 49 U.S.C. § 1487. Therefore, only the Board or Administrator could enforce

§ 1371(j) and the terms of National's certificate.

"When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." *Botany Mills v. United States*, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379 (1929).

Under the principle of statutory construction, *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another), the limits of the express jurisdictional grant prohibit private enforcement of § 1371(j), the terms of the certificate. *Caribbean Atlantic Airlines, Inc. v. Leeward Island Air Transport*, 269 F.Supp. 231, 233 (D.P.R.1967); *Wells v. Delta Air Lines, Inc.*, 398 F.Supp. 384, 389 (E.D.Pa. 1975).

Plaintiff calls attention to two cases in which private actions that rely upon Federal Aviation Act provisions other than § 1371(a) have been allowed. *Town of East Haven v. Eastern Airlines*, 282 F.Supp. 507 (D.Conn.1968); *Mortimer v. Delta Air Lines*, 302 F.Supp. 276 (N.D.Ill.1969). These cases are not applicable here because they are concerned with private contract and tort actions, not with administrative functioning under the Act, such as control of scheduling. Compare *Moody v. McDaniel*, 190 F.Supp. 24 (D.Miss.1960); *Rosdail v. Western Aviation, Inc.*, 297 F.Supp. 681 (D.Colo.1969).

The exclusive remedies for violation of provisions of the Federal Aviation Act or breach of the duties imposed by certificates issued thereunder are set forth in 49 U.S.C. § 1487. The Court may not imply an additional jurisdictional grant in order to entertain this action. *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) (disallowing private action to enjoin discontinuance of certain passenger train lines). The plaintiff's proper course of action is to petition the Civil Aeronautics Board or the Federal Aviation Administrator to bring action in this Court to seek the relief sought.

Accordingly, plaintiff's motion for a preliminary injunction is DENIED and this action is DISMISSED.