**KENT v. CIVIL AERONAUTICS BOARD.**

**KENT v. CIVIL AERONAUTICS BOARD et al.**

Nos. 202 and 213,

Dockets 21860 and 22236.

United States Court of Appeals, Second Circuit.

Argued March 12, 1953.

Decided May 8, 1953.

264

Edward P. Hodges, Acting Asst. Atty. Gen., Ralph S. Spritzer, Special Asst. to the Atty. Gen., Department of Justice, Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, Washington, D. C., John H. Wanner, Associate General Counsel, Washington, D. C., James L. Highsaw, Jr., Chief, Litigation and Research Division, Washington, D. C., O. D. Ozment, Jerome S. Boros and Lester M. Bridgeman, Civil Aeronautics Board, Washington, D. C., for respondents.

Albert W. Fribourg and Max Toberoff, New York City, on the brief, for petitioner.

Daniel Kornblum, Washington, D. C., for intervenors, Former AOA Flight Engi-neers and AOA Chapter, Flight Engineers Int'l, A. F. L.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

When the Civil Aeronautics Board, following the direction of the President, approved the merger of the Pan American World Airways (PAA) and the American Overseas Airlines (AOA) in a proceeding known as the North Atlantic Route Transfer Case, the order included a temporary provision that no employee of PAA or AOA in the North Atlantic operations of either company should be discharged other than for cause; but this provision was superseded by an order of the Board dated September 22, 1950 which provided that for a two year period PAA should compensate all employees who lost their jobs, had their salaries reduced, or suffered other pecuniary injury because of the merger. As to the employees of AOA who were taken over by PAA after the merger, difficulty was encountered in determining how their seniority rights as employees of AOA could be given just recognition. The Board at first left the solution of that problem at large with the admonition that it be settled by negotiation by the interested parties and, failing such settlement, be submitted to arbitration; and imposed the condition that no group of employees should have the benefit of the protective provisions of the order unless it did reach agreement as to seniority rights or agreed to submit them to arbitration.

Some groups of employees did settle their differences by negotiation. Others did so by arbitration and we have already affirmed that award. O'Donnell v. Pan American World Airways, Inc., 2 Cir., 200 F.2d 929. The flight engineers, however, were unable to negotiate a settlement and they would not agree to submit to arbitration. Thereupon the CAB reopened the case and, after hearing the parties, its examiner recommended a formula for integrating such employees into the PAA seniority lists. After due consideration the

Board, one member dissenting, adopted the examiner's recommendation and ordered the integration accordingly. That order has been stayed until thirty days after our decision on these petitions to review; and meanwhile an interim order has been in effect directing the maintenance of separate rosters for PAA and the unintegrated former AOA personnel for their assignments to jobs on a ratio basis from the PAA and and the AOA seniority lists. In so far as we are presently concerned, the orders now under attack directed integration on the basis of giving length of service with AOA the same effect that the same length of service with PAA was given and that the two groups of employees be placed on the seniority list of PAA in accordance with their respective rights so determined. PAA was forbidden from making any labor contracts in the future which would discriminate against former AOA employees in respect to their seniority so determined.

Briefly the dispute between the two groups of flight engineers is that the PAA engineers insist upon having the former AOA engineers placed upon the seniority list without credit for any service with AOA. The effect of that would be to give all of the flight engineers of PAA at the time of the merger seniority over all of the AOA engineers.

[1] The basic contention of the petitioner is that the Board was without jurisdiction to make any order determining the respective seniority rights of the flight engineers and we will first turn to that. The authority of the Board to deal with proposed mergers of this type is as provided in Sec. 408 of the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 488. Its authority over the transfer of a certificate of public convenience and necessity is derived from Sec. 401, 49 U.S.C.A. § 481, and its general powers and duties are as provided in Sec. 205 (a), 49 U.S.C.A. § 425(a). This statutory authority is broad enough to enable the Board to approve a merger and transfer of a certificate upon "such terms and conditions as it shall find to be just and reasonable" in the public interest. Although there is no express statutory grant of power to impose conditions which will lessen the adverse impact of a merger upon employees of the merged companies, such power is implicit as one necessary to the performance of the Board's duty to condition approval with due regard to terms which are just and reasonable in the interest of the public. This public interest, though not broadly one of general employee welfare, is to obtain the degree of stability in air transportation that freedom from industrial strife will provide. Western Air Lines v. Civil Aeronautics Board, 9 Cir., 194 F.2d 211. Under an almost identical section of the Interstate Commerce Act, since amended, the ICC has conditioned its approval of consolidations and mergers upon financial protection to employees adversely affected. Its power so to do has been recognized. United States v. Lowden, 308 U.S. 225, 60 S.Ct. 248, 84 L.Ed. 208; Railway Labor Executive Ass'n v. United States, 339 U.S. 142, 70 S. Ct. 530, 94 L.Ed. 721. The CAB has a like power. Western Air Lines v. Civil Aeronautics Board, supra.

The orders under attack here, however, go beyond affording financial protection; they prescribe a seniority list which PAA must adopt. The petitioner argues that they are not the type of protective orders which the Board has the power to make, since their impact is not upon the employer alone but extends to the group of PAA flight engineers, some of whom are placed in a lower seniority position than the former AOA engineers. However, when a merger involves two or more groups of employees each having separate seniority rights, the public interest in maintaining peaceful labor relations so as to effect an orderly continuation of operations is not always satisfied merely by conditioning approval of the merger on financial protection to the employees. Industrial strife may arise by reason of a dispute between the two or more employee groups as to how a unified seniority list should be drawn. And when such a dispute develops, it is within the power of the Board to order the carrier to follow whatever course is necessary and appropriate. An overall su-

pervision of the merging carrier so as to protect adequately the public interest is what Sec. 408(b) of the Act contemplates, and that is what these orders accomplish. The same power to order the initial integration justifies the Board's further requirement that the employer refrain from making any labor contract in the future which will not conform to it.

■ It is, nevertheless, contended that the orders are invalid because they are in conflict with a collective bargaining contract in effect when they were made between PAA and the union bargaining agent of its employees. This contract established the seniority rights of such employees on the sole basis of their respective length of service with PAA, with certain exceptions not here pertinent; and it is urged that under the contract all of the AOA employees would have to be placed on the list below the lowest ranking employee of PAA at the time of the merger, in complete disregard of their period of service with AOA. Assuming, *arguendo,* that this interpretation of the contract is correct, we are of the opinion that the orders are not invalid for that reason. A private contract must yield to the paramount power of the Board to perform its duties under the statute creating it to approve mergers and transfers of certificates, such as are here involved, only upon such terms as it determines to be just and reasonable in the public interest. National Licorice Co. v. National Relations Board, 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799; Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230; National Broadcasting Co. v. United States, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344.

The paramount public interest required that due consideration be given conflicting seniority interests of both groups of these engineers. The Board has done that with meticulous care and, far from acting in an arbitrary and capricious way, has provided a method which fairly distributes the burdens and the benefits. Alternative methods suggested are at least no better and it was within the competence of the Board to make its determination free from private

contract restraint. Cf. Texas v. United States, 292 U.S. 522, 54 S.Ct. 819, 78 L.Ed. 1402; Seaboard Air Line Railroad Co. v. Daniel, 333 U.S. 118, 68 S.Ct. 426, 92 L.Ed. 580; Schwabacher v. United States, 334 U. S. 182, 68 S.Ct. 958, 92 L.Ed. 1305.

Orders affirmed.