229 F.2d 81
 Paul CHORBAJIAN, as President and on behalf of AOA Chapter, Flight Engineers International Union, A. F. L. and on behalf of himself and all other Flight Engineers of said Union similarly situated, Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent.
 No. 166.
 Docket 23567.
 United States Court of Appeals Second Circuit.
 Argued December 14, 1955.
 Decided January 16, 1956.
 
 Daniel Kornblum, New York City, for petitioner.
 John Bodner, Jr., Washington, D. C. (Stanley N. Barnes, Asst. Atty. Gen., Daniel M. Friedman, Atty., Dept. of Justice, Washington, D. C.; Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board; John H. Wanner, Associate Gen. Counsel; O. D. Ozment, Chief, Litigation and Research Division; Robert L. Park and Henry M. Switkay, Attys., Civil Aeronautics Board, Washington, D. C., on the brief), for respondent.
 Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 This is a petition to review an order of the Civil Aeronautics Board arising out of the North Atlantic Route Transfer Case, in which the Board authorized Pan American Airways, Inc. (PAA) to acquire the assets and routes of American Overseas Airlines, Inc. (AOA).[1] Petitioners, AOA flight engineers, contend that they are entitled to compensation,[2] either through Board action compelling compensation or through an award by a referee of the National Mediation Board, for PAA's failure to comply with an interim order of the Board directing that promotions subsequent to the merger be on a ratio basis.
 
 
 2
 The petitioners attack the Board's interpretation of the meaning and present status of the interim order as arbitrary and erroneous, and contend that the Board has abused its discretion in failing to "enforce" the interim order against PAA or to take other action to compel a monetary award by the carrier.
 
 
 3
 In substance the Board held that its interim order did not provide for compensation to the AOA engineers for any failure on the part of PAA to make promotions in accordance with its terms, and that the only sanctions against such violations available to the Board would have been actions to compel PAA to promote the AOA engineers while the order was in force. Neither the interim order nor any of the other orders relating to seniority provided for compensation to employees adversely affected by violations of the orders by PAA. The only compensation provided by the Board's orders was to dismissed or displaced employees. Further, the Board's interpretation of its order is that it did not intend to provide compensation enforceable by the Board for failure to promote. Since this interpretation accords with the literal language of the orders, and is not unreasonable, and is made by the agency entering the orders, the interpretation is controlling here. Danielson v. Civil Aeronautics Board, 2 Cir., 1953, 204 F.2d 266, 268. The fact that the interim order made provisions for settlement of disputes through referral to a National Mediation Board referee does not establish that monetary compensation was intended for lack of promotion, since factual disputes relating to specific performance of the order and unrelated to monetary demands might well arise which could be settled by the referee. Petitioner's claim that the Board should now "enforce" its order against PAA is subject to the same objection, since that claim necessarily rests upon the view that the order provides for monetary compensation to be paid to one damaged by its violation.[3]
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 We have previously considered various aspects of the merger. In Trans World Airlines v. Civil Aeronautics Board, 2 Cir., 1950, 184 F.2d 66, certiorari denied sub nom. Sparks v. Civil Aeronautics Board, 1951, 340 U.S. 941, 71 S.Ct. 504, 95 L.Ed. 679, we held that the order of the Board approving the merger was immune from judicial review since it required Presidential approval. In O'Donnell v. Pan American World Airways, 2 Cir., 1951, 200 F.2d 929, and Danielson v. Civil Aeronautics Board, 2 Cir., 1953, 204 F.2d 266, phases of the Board's labor protective orders dealing with dismissed or displaced employees were before us, and in Kent v. Civil Aeronautics Board, 2 Cir., 1953, 204 F. 2d 263, certiorari denied 1953, 346 U.S. 826, 74 S.Ct. 46, 98 L.Ed. 351, we upheld the validity of the Board's order integrating the retained employees of AOA primarily on the basis of counting length of service with AOA as service with PAA. Reference to these opinions, particularly that in the Kent case, will supply the factual background of the present dispute
 
 
 [2]
 The petitioners allege that the claimed violations by PAA of the Board's interim order "have already cost them in excess of $100,000 in improved wages and earnings." This is alleged to be primarily due to the failure of the PAA to promote the retained AOA flight engineers as required by the ratio formula in the seniority provisions of the interim order
 
 
 [3]
 The Board's 1954 order interpreting its prior labor protective orders stated: "to the extent that private monetary claims may have accrued to the AOA flight engineers by reason of alleged violations by Pan American of Order E-5067 during its effective period, Pan American was not relieved by the Board of the obligation therefor. * * * We express no opinion as to whether Order E-5067 might serve as the basis for the assertion of such claims against Pan American before a forum other than the Board." Likewise, we here express no opinion on the question of whether a violation of the terms of the Board's interim order would create a judicially enforceable cause of action against PAA