**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS and District 147 of the International Association of Machinists and Aerospace Workers, Plaintiffs,**

**v.**

**NORTHEAST AIRLINES, INC., and Delta Airlines, Inc., Defendants.**

**Civ. A. No. 72–303–T.**

United States District Court,
D. Massachusetts.

July 25, 1975.

Donald J. Siegel, Robert M. Segal, Segal, Roitman & Coleman, Boston, Mass., for plaintiffs. Plato Papps, Washington, D. C., of counsel.

David B. Ellis, Loyd Starrett, Foley, Hoag & Eliot, Boston, Mass., for defendants.

### OPINION AND ORDER

TAURO, District Judge.

Plaintiffs (the Union) originally brought this action to compel Northeast Airlines, Inc. (Northeast) to negotiate with the Union prior to consummation

of a merger of Northeast into Delta Airlines, Inc. (Delta) with respect to protective provisions relating to post-merger seniority and certain other matters. Plaintiff based its claim on section 3(b) of its collective bargaining agreement with Northeast and on section 15 First of the Railway Labor Act, 45 U.S.C. § 152 First. The Union's request for a preliminary injunction to enjoin Northeast and Delta from consummating the merger was denied. *International Association of Machinists and Aerospace Workers v. Northeast Airlines, Inc.*, 337 F. Supp. 499 (D.Mass.), *aff'd*, 473 F.2d 549 (1st Cir.), *cert. denied*, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85 (1972). Thereafter, on August 1, 1972, the merger of Northeast into Delta was consummated and Northeast ceased to exist as a separate entity. The Union amended its complaint and now seeks an order compelling Delta to negotiate with the Union regarding seniority rights of the former Northeast employees represented by the Union.

Defendant Northeast's motion to dismiss was denied on November 29, 1973. After the complaint was amended to add Delta as a defendant, defendants filed a motion for reconsideration of the denial of the motion to dismiss and a motion for summary judgment, claiming that this court does not have subject matter jurisdiction over this action. For the reasons stated below, defendants' motion for summary judgment is granted.

## I

In upholding the district court denial of the request for a preliminary injunction, the Court of Appeals for the First Circuit held that this court does not have jurisdiction to interpret the terms of a collective bargaining agreement.

Disputes requiring the interpretation of the terms of a collective bargaining agreement are minor disputes. The Act provides that such disputes may be submitted by either party for settlement by a System Board of Adjustment and that the award of the Board is not subject to judicial review. 45 U.S.C. § 184. Because this section vests exclusive jurisdiction in the System Boards of Adjustment, the courts do not have jurisdiction to interpret the terms of a collective bargaining agreement.

*International Association of Machinists and Aerospace Workers v. Northeast Airlines, Inc.*, 473 F.2d at 554–55 (citations omitted). Although this court does not have jurisdiction to hear the Union's Article 3B claim, it is noteworthy that the Union has submitted that claim to the System Board of Adjustment and has received an adverse ruling.

## II

The Union claims that Delta, as the successor corporation to Northeast, has a duty to negotiate with the Union regarding seniority and other rights under 45 U.S.C. § 152 First. Delta claims that this court does not have jurisdiction to determine that question.[1]

The Supreme Court established that section 152 First is more than an exhortatory principle; that it had the force of law and that courts were the proper body to enforce its provisions. *Chicago & N. W. Ry. v. United Transportation Union*, 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971). The general rule, however, is not applicable where the dispute arises out of a merger of two airlines. Congress has provided a special mechanism for resolving the nu-

1. In its opinion affirming the denial of injunctive relief, the Court of Appeals stated "We express no opinion at this time as to whether Delta may be required to negotiate separately with NE workers about any of the changes when they occur." 473 F.2d at 560 n. 17. At that time, the CAB had not yet issued its order. The Court of Appeals had taken note of this fact. "The effects of the NE-Delta merger still depend on changes the nature of which are not at present known, because the CAB has not yet issued its order." 473 F.2d at 559. Thus, the Court of Appeals could not determine whether this dispute would be covered by the CAB order.

merous problems attendant on such a merger. All such mergers will be approved only where the Civil Aeronautics Board (CAB) has found that the merger is not inconsistent with the public interest. CAB is authorized to condition approval of airline mergers on the acceptance by the parties of labor protective provisions designed to protect the employees of the merged airlines from any adverse impact the merger may have on conditions of employment.

> One of the policies behind this grant of authority to the CAB is to prevent mergers adjudged by the Board to be in the public interest from being obstructed by labor disputes. Because of the danger of such obstruction, courts have held that the procedures of the Railway Labor Act are not available for disputes arising out of the merger which pertain to subjects covered by the Board's labor protective order, and should therefore, instead, be resolved by the procedures set forth in that order . . . . .

473 F.2d at 559–60. .

The opinion of the CAB approving the merger of Northeast into Delta contains, in Appendix I, numerous labor protective provisions. Section three of that Appendix provides:

> Insofar as the merger affects the seniority rights of the carriers' employees, provisions shall be made for the integration of seniority lists in a fair and equitable manner, including, where applicable, agreement through collective bargaining between the carriers and the representatives of the employees affected. In the event of failure to agree, the dispute may be submitted by either party for adjustment in accordance with section 13.

Section 13 provides a mechanism for submitting such disputes to the National Mediation Board. The order accompanying the merger opinion provides, in section 2(g), that "Delta shall be subject to the labor protective conditions set forth in Appendix I." Section 4 of that order provides: "Jurisdiction is hereby reserved (1) to make such amendments, modifications, and additions to the labor protective conditions imposed by paragraphs 2(g) and 2(h) above as the circumstances may require . . . ."

■ The Union seeks an order from this court directing Delta to negotiate with the Union regarding the seniority rights of the employees it claims to represent. The subject matter of the requested relief is explicitly covered by the order and opinion of the CAB approving the merger. The power of the CAB to issue such an order is well-established. *Kent v. CAB*, 204 F.2d 263 (2d Cir. 1953), *cert. denied*, 346 U.S. 826, 74 S. Ct. 46, 98 L.Ed. 351 (1953). That the CAB has exclusive jurisdiction over disputes covered by the merger order is equally well-establishd. *See, e. g., American Airlines, Inc. v. CAB*, 445 F. 2d 891, 895 (2d Cir. 1971), *cert. denied*, 404 U.S. 1015, 92 S.Ct. 674, 30 L.Ed.2d 663 (1972); *Chaudoin v. Air Line Pilots Association*, 6 FEP 107 (D.D.C.1973); *Master Executive Council v. O'Donnell*, 81 L.R.R.M. 2731 (D.D.C.1972).

■■ The Union has asserted that this jurisdictional limitation is not applicable when the relief sought is supplementary to the CAB order. This observation, while true generally, has no application to this case. The seniority rights of the employees represented by the Union are explicitly covered by the merger order. That order provides several mechanisms that will afford the Union the relief that it seeks. Even if the explicit provisions prove unsatisfactory, the CAB has retained jurisdiction to modify or amend those provisions. The CAB is the appropriate agency to decide these claims. Insofar as plaintiffs seek to challenge the CAB order, it must be challenged by a statutory petition for review pursuant to 49 U.S.C. § 1486 and not by a collateral lawsuit such as this.

Since this court is without jurisdiction over the subject matter of this suit, the complaint must be dismissed.