INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS,

**and**

District 147 of the International Association of Machinists and Aerospace Workers, Plaintiffs-Appellants,

**v.**

NORTHEAST AIRLINES, INC.,

**and**

Delta Air Lines, Inc., Defendants-Appellees.

No. 75–1435.

United States Court of Appeals, First Circuit.

June 25, 1976.

Robert M. Segal, Boston, Mass., with whom Donald J. Siegal, Segal Roitman & Coleman, John O'B. Clarke, Jr., Highsaw & Mahoney, and Plato E. Papps, Washington, D.C., were on brief, for plaintiffs-appellants.

Lloyd M. Starrett, Boston, Mass., with whom Henry E. Foley, Paul V. Lyons, Foley, Hoag & Eliot, Boston, Mass., Frank F. Rox, and Robert S. Harkey, Atlanta, Ga., were on brief for defendants-appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal is from a summary judgment dismissing plaintiffs-appellants' amended complaint on jurisdictional grounds. 400 F.Supp. 372. Plaintiffs were the bargaining representatives of certain Northeast Airline employees prior to the merger of Northeast into Delta Air Lines. The merger occurred pursuant to a Civil Aeronautics Board order which included a number of "Labor Protective Provisions", one of which specifically provided for the integration of seniority lists.[1] Plaintiffs' amended complaint alleges that defendants violated the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.,* and the unions' two collective bargaining agreements with Northeast by refusing to bargain with plaintiffs about the post-merger rights of the unions' members. This court has already held it is without jurisdiction to consider the alleged violation of the collective bargaining agreements, *International Ass'n of Machinists and Aerospace Workers v. Northeast Airlines, Inc.,* 473 F.2d 549, 554–55, *cert. denied,* 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85 (1972), and that, on the merits, Northeast had no duty to bargain with plaintiffs in advance about the effects of the merger upon plaintiffs' members. *Id.* at 550–60. Plaintiffs' remaining challenges are to Delta's failure to discuss the integration of seniority lists with them and its refusal in general to bargain with them about whether any rights arising from the collective bargaining agreements survived the merger.

Allowing the union, which had represented certain employees before the merger, to participate in discussing integration of seniority lists would seem not to involve an onerous burden, although the CAB, under whose Labor Protective Provisions the integration occurred, has held that such a union need not automatically be recognized as the employees' representative for Labor Protective Provision purposes. *Delta-Northeast Merger Case,* CAB Order

[1] "Section 3. Insofar as the merger affects the seniority rights of the carriers' employees, provisions shall be made for the integration of seniority lists in a fair and equitable manner, including, where applicable, agreement through collective bargaining between the carriers and the representatives of the employees affected. In the event of failure to agree, the dispute may be submitted by either party for adjustment in accordance with section 13."

73–9–42, at 5. However, the real question is not whether it would have been a good idea for Delta to discuss the integration of seniority lists with plaintiffs, but whether the district court had jurisdiction to decide that it should have done so. The CAB has broad authority to impose seniority lists in airline mergers, even in contravention of existing collective bargaining agreements, and to determine the procedural methods to be followed. *E. g., Kent v. CAB,* 204 F.2d 263 (2d Cir.), *cert. denied,* 346 U.S. 826, 74 S.Ct. 46, 98 L.Ed. 351 (1953); *American Airlines, Inc. v. CAB,* 445 F.2d 891 (2d Cir. 1971), *cert. denied,* 404 U.S. 1015, 92 S.Ct. 681, 30 L.Ed.2d 663 (1972). Accordingly, even if we assume that, as plaintiff argues, the CAB intended Railway Labor Act rights to control the method of integration, jurisdiction in the first instance to rule on compliance with its own Labor Protective Provisions and to determine the validity of the seniority lists belongs with the CAB, notwithstanding any diffidence it may have shown toward undertaking this task. *See Kesinger v. Universal Airlines, Inc.,* 474 F.2d 1127 (6th Cir. 1973); *Carey v. O'Donnell,* 165 U.S.App.D.C. 46, 506 F.2d 107 (1974), *cert. denied,* 419 U.S. 1110, 95 S.Ct. 783, 42 L.Ed.2d 806 (1975). Therefore, to the extent that plaintiffs attack the seniority lists, and argue that the procedures Delta followed in integrating them were inconsistent with the commands of the Labor Protective Provisions, the district court correctly ruled that it did not have jurisdiction.

On the other hand, plaintiffs also assert rights independent of, and in no way contrary to, the Labor Protective Provisions, such as arguably accrued severance and vacation benefits. The district court was incorrect in assuming that the only matters about which plaintiffs wanted to bargain directly involved the integration of the seniority lists. The CAB does not seek and need not have exclusive jurisdiction over all labor disputes caused by an airline merger. *Trans International Airlines, Inc. —Acquisition Agreement,* CAB Orders 76–3–126/–127 at 21–22; *Air Line Employees Ass'n v. CAB,* 134 U.S.App.D.C. 185, 413 F.2d 1092 (1969) (per curiam). Where there

is no real question about whether a union is the legitimate representative of an airline's employees, the function of deciding the extent of the duty to bargain rests properly with federal courts. *International Ass'n of Machinists v. Northeast Airlines, Inc.,* 473 F.2d 549, at 555–56. Plaintiffs are not challenging the CAB Order, or saying it was incomplete. Thus, to the extent they complain that, apart from the Labor Protective Provisions, Delta had a duty to bargain with them, the district court erred in dismissing these claims for lack of jurisdiction.

However, the duty to bargain imposed by the Railway Labor Act is a duty to bargain with the chosen representative of the majority of a craft or class of employees. 45 U.S.C. § 152 Fourth; *Virginia Ry. v. System Federation No. 40, Ry. Employees,* 300 U.S. 515, 548, 57 S.Ct. 592, 81 L.Ed. 789 (1937). At the very least, the merger created real doubts about whether plaintiffs represent the majority of any Delta craft or class of employees, and where there is such doubt, federal courts leave resolution of the dispute to the National Mediation Board. *General Comm. of Adjustment, Bhd. of Locomotive Engineers v. Missouri–K.–T. R. R.,* 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943); *Ruby v. American Airlines, Inc.,* 323 F.2d 248 (2d Cir.), *cert. denied,* 376 U.S. 913, 84 S.Ct. 658, 11 L.Ed.2d 611 (1963); *cf. Brotherhood of Ry. & S. S. Clerks v. United Air Lines, Inc.,* 325 F.2d 576 (6th Cir.), *cert. dismissed as improvidently granted,* 379 U.S. 26, 85 S.Ct. 183, 13 L.Ed.2d 173 (1963). In the absence of National Mediation Board certification, 45 U.S.C. § 152 Ninth, there is no basis for finding a duty on the part of Delta to negotiate with plaintiffs. Their complaint was properly dismissed.

The Supreme Court decision in *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), does not mandate a different result, even apart from the fact that Railway Labor Act obligations are not identical to National Labor Relations Act obligations, *cf. Ruby v. American Airlines, Inc., supra,* 323 F.2d at 255–

56. *Wiley* required the employer to submit to arbitration, but did not require negotiation with the union, which is quite a different duty. Plaintiffs do not allege that they have instituted grievance proceedings which are outstanding or that Delta has refused to submit to a System Board of Adjustment resolution of particular disputes concerning the survival of rights under the Northeast collective bargaining agreements. *Cf. Flight Engineers Int'l Ass'n, EAL Chapter v. Eastern Air Lines, Inc.,* 359 F.2d 303 (2d Cir. 1966). Therefore, the question whether Delta has a duty to submit to System Board of Adjustment proceedings is not before us [2] and, in the present context, *Wiley* mandates no other obligations.

*The judgment is affirmed.*

2. It would appear that such a determination would be within the jurisdiction of a federal court. 359 F.2d at 309. Should such a determination become necessary, the extent of the duty, if any, would be determined by whether the Northeast collective bargaining agreements have in fact expired. *Id.* at 309–11. In general, the terms of a Railway Labor Act collective bargaining agreement are not controlling after the collective bargaining agreement and any subsequent status quo period expire. *International Ass'n v. Machinists v. Reeve Aleutian Airways, Inc.,* 469 F.2d 990 (9th Cir.), *cert. denied,* 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1972).