**AIR LINE EMPLOYEES ASSOCIA-
TION, INTERNATIONAL,
Plaintiff-Appellant,**

v.

**REPUBLIC AIRLINES, INC., Northwest
Airlines, Inc. and NWA, Inc.,
Defendants-Appellees.**

No. 86–2233.

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 1986

Decided Aug. 7, 1986.*

Opinion Aug. 19, 1986.

Russell Woody, Cotton Watt Jones &
King, Chicago, Ill., for plaintiff-appellant.

Solomon I. Hirsch, Chicago, Ill., Joseph
Guerrier, Jr., Guerrier & Sweeney, P.C.,
Washington, D.C., for defendants-appellees.

Before CUMMINGS, Chief Judge, EAST-
ERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

The Air Line Employees Association, International (ALEA), the certified collective bargaining representative for 6624 ground employees of defendant Republic Airlines (Republic), appeals an order of the district court dismissing its complaint for lack of subject matter jurisdiction. We affirm the judgment of the district court.[1]

The merger of Republic with Northwest Airlines (Northwest) has just been approved by the Department of Transportation. It is anticipated that, unless the President disapproves those aspects of the proposed acquisition having implications for international travel,[2] the merger will soon take effect and a single airline, Northwest, will survive. In anticipation of this merger, Northwest entered into a transition agreement with two unions which currently represent its 6435 ground employees, the Brotherhood of Railway and Airline Clerks (BRAC) and the International Association of Machinists (IAM). Under the terms of that agreement, these unions would represent the newly-combined workforce of the post-merger entity.

---

* We originally decided this case by unpublished order.

1. The Air Line Employees Association, International (ALEA) has filed a motion to expedite the appeal. That motion is granted. It has also filed a motion for injunction pending appeal. We deny that motion as moot.

2. *See* 49 U.S.C. § 1461. The Department of Transportation (DOT) has submitted the proposed merger to the President. The President has sixty days in which to notify DOT of his opposition, if any, to the merger. However, the President may notify DOT at any time during the sixty days of his intent not to oppose.

In anticipation of the merger, ALEA brought this action in the district court seeking an injunction against the implementation of the Transition Agreement. In Count 1 of its complaint, ALEA claims that the defendants have violated their obligations under section 2, First of the Railway Labor Act (RLA), 45 U.S.C. § 152, First, to bargain solely with ALEA as the representative of the majority of the employees in the class or craft involved. In Count 2, ALEA contends that the defendants' conduct also violates their duties under section 2, Third and Fourth of the RLA, 45 U.S.C. § 152, Third and Fourth, by interfering, influencing or coercing their employees in the employees' choice of a bargaining representative and by favoring one union against another. ALEA also seeks, under these two counts, an injunction preserving the *status quo* pending resolution of the representation issue through an election conducted under the auspices of the National Mediation Board (NMB). In Count 3, ALEA alleges that the defendants' conduct is in violation of the ALEA-Republic bargaining agreement. Under this count, the plaintiff seeks an order compelling expedited arbitration of its grievance challenging defendants' contract violations and preserving the *status quo* pending issuance of the arbitrator's decision.

The district judge dismissed the action without a hearing. He concluded that the complaint was basically "a representational dispute over which the federal courts do not have jurisdiction." Order, No. 86 C 5239 (N.D.Ill. July 28, 1986).

We agree with the district judge. While this circuit has not had, before today, an opportunity to rule on the point, the district judge's decision was in conformity with—as he put it—"the overwhelming and well-

developed case law addressing issues similar to those presented in the instant complaint." *Id.* Like the district judge, we find extended discussion neither necessary nor appropriate. After examining the precedent upon which he relied,[3] we find no reason to depart from the consistent and well-considered analysis of our colleagues in other circuits. Judge Rubin's opinion for the Fifth Circuit in *International Brotherhood of Teamsters v. Texas International Airlines, Inc.,* 717 F.2d 157 (5th Cir.1983), is especially helpful. There, in a factual setting very similar to our own, the court held that, even though the complaint was couched in terms of enforcing the collective bargaining agreement, the dispute was basically a representational dispute and therefore committed to the sole jurisdiction of the NMB:

> The Act commits disputes involving a determination of who is to represent airline employees in collective bargaining to the exclusive jurisdiction of the National Mediation Board. A court may not entertain an action involving such a dispute even if it arises in the context of otherwise justiciable claims.

> \*    \*    \*    \*    \*    \*

> Continuation of the contract in force unavoidably constitutes a determination of employee representation, and the conjunction of the two issues creates a conflict in principles, one dictated by the express statutory provision giving the Board sole jurisdiction over representation matters and the other implicit from the limited scope of the statute, that other disputes are reserved for judicial resolution.

717 F.2d at 161 (citations omitted).[4]

In short, like the Fifth Circuit, "[g]iven the Mediation Board's undeniable sole juris-

---

3. *See International Bhd. of Teamsters v. Texas Int'l Airlines, Inc.,* 717 F.2d 157 (5th Cir.1983); *Air Line Pilots Ass'n, Int'l v. Texas Int'l Airlines, Inc.,* 656 F.2d 16 (2d Cir.1981); *International Ass'n of Machinists v. Northeast Airlines, Inc.,* 536 F.2d 975 (1st Cir.), *cert. denied,* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 328 (1976); *Brotherhood of Ry. & S.S. Clerks v. United Air Lines,*

*Inc.,* 325 F.2d 576 (6th Cir.1963), *cert. dismissed,* 379 U.S. 26, 85 S.Ct. 183, 13 L.Ed.2d 173 (1964).

4. The National Mediation Board (NMB) considers the status of the acquired company's union as the certified bargaining agent to be erased by the merger. Therefore, NMB views actions by the new entity in favor of one union or the other to be voluntary recognition of a union. Although ALEA maintains that it is clearly the

diction over representation matters, we infer from the practical problems of divided jurisdiction a congressional intention to allow that agency alone to consider the post-merger problems that arise from existing collective bargaining agreements." *Id.* at 164. *Accord Brotherhood of Railway and Steamship Clerks v. United Air Lines, Inc.*, 325 F.2d 576 (6th Cir.1963).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

majority union (with 6624 members to BRAC and IAM's 6400 members), the numbers are not sufficiently lopsided to give ALEA a clear majority and the merger creates doubts as to the proper representative. *Cf. International Ass'n of Machinists v. Northeast Airlines, Inc.*, 536 F.2d 975, 977 (1st Cir.), *cert. denied*, 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 328 (1976).