**ASSOCIATION OF FLIGHT ATTENDANTS, AFL–CIO,**
Plaintiff,

v.

**WESTERN AIRLINES, INC., Defendant.**

**Civ. A. No. 87–0040.**

United States District Court,
District of Columbia.

Feb. 20, 1987.

Deborah Greenfield, Stephen Crable, for plaintiff.

William J. Kilberg, Baruch A. Fellner, Washington, D.C., Scott A. Kruse, Los Angeles, Cal., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is a labor dispute which has arisen under the Railway Labor Act, 45 U.S.C. § 151 to 188 (1982) ("RLA"). It comes before the Court on plaintiff union's ("AFA") verified complaint and dispositive cross-motions. Defendant Western Air Lines, Inc. is scheduled to merge with Delta Air Lines, Inc. on April 1, 1987. Western's employees are represented by several different unions according to craft, including AFA. Delta is a non-union carrier. AFA claims that Western has breached its 1984 collective bargaining agreement with AFA by failing to bind Delta to the terms of that agreement.

### Facts

There are no material facts in dispute.

(1) On September 9, 1986, Western and Delta entered into an Agreement and Plan of Merger.

(2) On October 21, 1986, AFA filed a grievance over Western's failure to bind Delta to the 1984 collective bargaining agreement.

(3) On November 19, 1986, Western denied the grievance.

(4) On November 26, 1986, AFA submitted the dispute to Western's System Board of Adjustment pursuant to Section 24 of the collective bargaining agreement, and Western refused to arbitrate. Section 24(D), established under 45 U.S.C. § 184 of the RLA, provides for jurisdiction in the System Board over disputes "growing out of grievances or out of interpretation of application of any of the terms of the" collective bargaining agreement but "shall not extend to change in hours of employment, rates of compensation or working conditions...."

(5) On December 11, 1986, the U.S. Department of Transportation gave final approval to the Agreement and Plan of Merger under the Federal Aviation Act.

(6) On December 18, 1986, as the first step looking toward merger, Delta acquired

100% control of Western and became its parent.

(7) On January 8, 1987, AFA filed its complaint with this Court. Western's motion to transfer the case to the U.S. District Court for the Middle District of California [1] was denied on January 20, 1987, and the motions now before the Court were promptly filed and opposed.

(8) In Section 5.9 of the Agreement and Plan of Merger, Delta and Western agreed that Western would continue to honor its 1984 collective bargaining agreement with AFA while it was a separate company under Delta's control. This has been done and there is no claim to the contrary. No layoffs are contemplated, either before or after the merger. If Western merges as planned into Delta on April 1, 1987, all Western flight attendants presently represented by AFA will become employees of Delta, supplementing and combining with Delta's much larger complement of flight attendants. Significantly higher wages and benefits will be paid flight attendants now represented by AFA when they are Delta employees but, of course, they will be subject to Delta's own procedures, policies and rules governing flight attendants.[2]

(9) AFA's 1984 collective bargaining agreement with Western stated in Section 1(C):

*This Agreement shall be binding on any* successor or *merged Company or* Companies, or any successor in the control of the Company, its parent(s) or subsidiary(ies) *until changed in accordance with the provisions of the Railway Labor Act, as amended.* (Emphasis added.)

*The Contentions of the Parties*

If the merger occurs on April 1, 1987, AFA's certification as the bargaining representative for flight attendants formerly employed by Western who become Delta employees will automatically be extinguished pursuant to the National Mediation Board's established policy.[3]

Characterizing the controversy as simply a "minor" dispute involving the proper interpretation of Section 1(C) [4] and therefore appropriate for resolution by Western's System Board of Adjustment, AFA contends that Section 1(C) does not allow its collective bargaining agreement to be extinguished, but rather requires Western "to bind any successor or parent to that Agreement," [5] by providing as a condition to merger that after the merger takes place Delta accept and be bound by the terms of AFA's 1984 collectively bargained agreement with Western.[6] AFA seeks an order from this Court directing Western to submit the issue to the System Board of Adjustment and asks the Court thereafter to retain jurisdiction to enforce compliance with any award the System Board makes against Western. If a prompt award is not made the Court is further requested to preserve the status quo by preventing the merger pending completion of proceedings before the System Board.

Western contends that the 1984 collective bargaining agreement is subject to change in accordance with requirements of the RLA as paragraph 1(C) states, noting that by operation of the RLA AFA's certifica-

---

1. Unions certified as representing Western employees engaged in other crafts are raising comparable issues there.

2. In addition, Delta has voluntarily provided significant labor protective commitments to the Western flight attendants.

3. Where two airlines are merged to form a single transportation system the National Mediation Board, to promote stable labor relations and remove problems of uneven representation, redundancy and confusion, considers the certification of all unions representing the employees of the acquired airline as extinguished on the date of integration. *See* Northwest Airlines, Inc., 13 N.M.B. 399, 400–01 (1986); Republic

Airlines, Inc., 8 N.M.B. 49, 54–56 (1980). *See also Air Line Employees Assoc., Int'l v. Republic Airlines, Inc.,* 798 F.2d 967, 968–69 n. 4 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986); *International Bhd. of Teamsters v. Texas Int'l Airlines, Inc.,* 717 F.2d 157, 163 (5th Cir.1983).

4. *See Elgin, J. & E. Ry. v. Burley,* 325 U.S. 711, 723–25, 65 S.Ct. 1282, 1289–1290, 89 L.Ed. 1886 (1945).

5. Complaint, ¶ 17.

6. Complaint, ¶ 18.

tion as the bargaining representative of Western employees must dissolve with the merger. It also contends that a fundamental question of post-merger representation is presented, and that since issues of representation are current and directly involved the System Board lacks jurisdiction under the RLA and the issues fall under the exclusive jurisdiction of the National Mediation Board.

### Discussion

■ The situation presented by these conflicting positions is not one of first impression. Other federal courts have confronted similar labor disputes and their consistent recognition of the primary role of the National Mediation Board in resolving questions of representation has governed. Pursuant to the RLA, 45 U.S.C. §§ 155, 181 and 183, Congress has clearly relegated all cases involving the representation of airline employees for collective bargaining purposes to the exclusive jurisdiction of the National Mediation Board. *See General Committee of Adjustment v. Missouri-K.-T. Ry.*, 320 U.S. 323, 335–38, 64 S.Ct. 146, 151–53, 88 L.Ed. 76 (1943); *Switchmen's Union v. National Mediation Board*, 320 U.S. 297, 303–07, 64 S.Ct. 95, 98–100, 88 L.Ed. 61 (1943); *International Brotherhood of Teamsters v. Texas International Airlines, Inc.*, 717 F.2d 157, 161–62 (5th Cir.1983); *Air Line Pilots Association v. Texas International Airlines, Inc.*, 656 F.2d 16, 22–24 (2d Cir.1981). *See also* 9 T. Kheel, *Labor Law* § 50.07[2] (1986).

Where both representational issues and "minor" disputes which arguably may not involve representational issues are involved in a single dispute, it is not the role of a court to attempt to define such minor issues and require they be segregated for evaluation by the System Board. As a practical matter the issues inevitably overlap, and any attempt to divide jurisdiction between the System Board and the Nation-

al Mediation Board would defeat the purposes of the RLA.[7] This is particularly true in merger situations where representational issues inevitably arise and it is "impossible to look only to the existence of a collective bargaining agreement and to isolate it from the other operational and representational matters." *International Brotherhood of Teamsters, supra,* 717 F.2d at 163. Thus, in cases presenting union challenges to airline mergers, "[w]here a representation dispute appears on the face of the complaint ... the court is bound to dismiss the action." *Air Line Pilots Association, International, supra* 656 F.2d at 24 (citing *Ruby v. American Airlines, Inc.*, 323 F.2d 248 (2d Cir.1963) (Friendly, J.), *cert. denied*, 376 U.S. 913, 84 S.Ct. 658, 11 L.Ed.2d 611 (1964)).

■ There can be no question that the issue of post-merger representation is presented by this dispute. AFA itself recognized in its memorandum in support of summary judgment that a System Board arbitrator might bind Delta to the 1984 agreement "if it wants to proceed with an operational merger," or might otherwise take action that would require Delta, a non-party to the 1984 agreement, to set Western's flight attendants apart from Delta's flight attendants regardless of operational requirements.[8]

For AFA to characterize this as a minor dispute wholly within the province of the System Board ignores the reality of the situation and constitutes an attempt to circumvent procedures clearly mandated by Congress for resolution of disputes by the National Mediation Board under the RLA. *See, e.g., Air Line Employees Association, International v. Republic Airlines, Inc.*, 798 F.2d 967, 968–69 (7th Cir.1986) (per curiam), *cert. denied*, —— U.S. ——, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986); *International Brotherhood of Teamsters, supra,* 717 F.2d at 160–61; *Air Line Pilots Asso-*

---

**7.** *See International Bhd. of Teamsters, supra,* 717 F.2d at 164 ("Given the [National] Mediation Board's undeniable sole jurisdiction over representation matters, we infer from the practical problems of divided jurisdiction a congressional

intention to allow that agency alone to consider the post-merger problems that arise from existing collective bargaining agreements").

**8.** Plaintiff's Memorandum at 25.

**4**

*ciation, International, supra,* 656 F.2d at 23–24.

### Conclusion

AFA is entitled to no relief from this Court, and its motion for summary judgment is denied. Western is granted summary judgment and the complaint is dismissed with prejudice. An appropriate Order is filed herewith.